1  James H. Berry, Jr. (State Bar No. 075834)
   Kevin R. Lussier (State Bar No. 143821)
2  Esperanza V. Cervantes (State Bar No. 197953)
   BERRY & PERKINS
3  A Professional Corporation
   2049 Century Park East, Suite 950
4  Los Angeles, California  90067-3134
   Telephone:    (310) 557-8989
5  Facsimile:    (310) 788-0080

6  Attorneys for Defendants
   THE PEPSI BOTTLING GROUP, INC., MARC PERIZZOLO,
7  KEITH "BUCK" PRICE, KIRT DUNCAN, SCOTT PAPILLON,
   RONILA PRASAD, AND RICHARD LLADO

8
                    **UNITED STATES DISTRICT COURT**
9
              **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11 RACHEL SPADE and RHONDA          )    Case No. 2:07-CV-00362-GEB-DAD
   MYERS,                           )
12                                  )    Honorable Garland E. Burrell, Jr.
              Plaintiff,            )
13                                  )    **NOTICE OF MOTION AND MOTION**
       v.                           )    **TO DISMISS OF DEFENDANTS MARC**
14                                  )    **PERIZZOLO, KEITH "BUCK" PRICE,**
   PEPSI BOTTLING GROUP, INC.; RAY  )    **KIRT DUNCAN, SCOTT PAPILLON,**
15 MEEK; MARK PERIZOLO; SCOTT       )    **RONILA PRASAD AND RICHARD**
   WELCH, BUCK PRICE, KIRT          )    **LLADO PURSUANT TO FEDERAL**
16 DUNCAN; SCOTT PAPILLION;         )    **RULE OF CIVIL PROCEDURE 12(b)(6)**
   RONILLA PRASAD; and RICHARD      )
17 LLADO,                           )
                                    )
18            Defendants.           )    **Date:    June 25, 2007**
                                    )    **Time:    9:00 a.m.**
19 _____   )    **Ctrm:  10**

20

21

22

23

24

25

26

27

28

Case No. 2:07-CV-00362-GEB-DAD

Rule 12(b)(6) Motion To Dismiss Defendants Perizzolo, Price, Duncan, Papillon, Prasad And
Llado; Memorandum Of Points And Authorities

*(left margin)* BERRY & PERKINS
A PROFESSIONAL CORPORATION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 25, 2007, at 9:00 a.m. in Courtroom 10 of the above-entitled court, Defendants Marc Perizzolo ("Perizzolo"), Keith "Buck" Price ("Price"), Kirt Duncan ("Duncan"), Scott Papillon ("Papillon"), Ronila Prasad ("Prasad"), and Richard Llado ("Llado") (also collectively referred to as the "Moving Defendants") will and hereby do move this Court for an Order dismissing Plaintiffs Rachel Spade ("Spade") and Rhonda Myers' ("Myers") (also collectively referred to herein as "Plaintiffs") First Amended Complaint against them. Plaintiffs' Complaint alleges claims for relief against their employer and eight co-workers. The claims against the co-worker Moving Defendants are based on a small number of isolated and stray comments that cannot support liability against the Moving Defendants.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and is based on the grounds that the First Amended Complaint fails to state claims upon which relief can be granted against any of the Moving Defendants. As is more fully shown below, the isolated comment(s) allegedly made by each of the Moving Defendants are insufficient, as a matter of law, to hold any of the Moving Defendants liable under the theories alleged by Plaintiffs.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the pleadings and papers filed in this action, and on such further evidence and argument as the Court may receive at or before the hearing on this Motion.

DATED: May 21, 2007                          BERRY & PERKINS, P.C.


By  /s/ *Esperanza V. Cervantes*
    Esperanza V. Cervantes
    Attorneys for Defendants
    THE PEPSI BOTTLING GROUP, INC.,
    MARC PERIZZOLO, KEITH "BUCK"
    PRICE, KIRT DUNCAN, SCOTT
    PAPILLON, RONILA PRASAD, and
    RICHARD LLADO

BERRY & PERKINS
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I . INTRODUCTION ................................................1

II . PLAINTIFFS' FACTUAL ALLEGATIONS ................................................2

III . LEGAL ARGUMENT ................................................4

    A. STANDARD ................................................4

    B. PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR RETALIATION UNDER CALIFORNIA LAW FAILS TO STATE A CLAIM AGAINST ANY OF THE MOVING DEFENDANTS ................................................4

        1. The Alleged Acts Or Omissions By The Moving Defendants Do Not Constitute An Adverse Employment Action ................................................5

        2. Plaintiffs Have Not And Cannot Plead A Causal Connection Between Their Protected Activity And The Alleged Acts Or Omissions By The Moving Defendants. ................................................7

    C. PLAINTIFFS' SIXTH CLAIM FOR RELIEF FOR SEXUAL HARASSMENT (FEHA) FAILS TO STATE A CLAIM ................................................8

        1. Plaintiffs' Sixth Claim For Relief Against Duncan, Price, Papillon and Perizzolo Fails Because Plaintiffs' Allegations Of Sexual Harassment, Even If True, Are Not "Sufficiently Severe Or Pervasive" To Be Actionable Under The FEHA ................................................8

        2. Plaintiffs' Sixth Cause of Action Against Llado Fails Because the FEHA Does Not Impose Individual Liability For Alleged Failure To Prevent Harassment ................................................11

    D. PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR SEXUAL HARASSMENT (TITLE VII) FAILS TO STATE A CLAIM BECAUSE TITLE VII DOES NOT IMPOSE LIABILITY ON EMPLOYEES FOR ALLEGED UNLAWFUL EMPLOYMENT PRACTICES ................................................12

    E. PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM ................................................13

        1. Plaintiffs' Attempts To "Borrow" From The FEHA Or Title VII To State A Claim For Relief Under Bus. & Prof. Code Section 17200 Is Without Merit. ................................................14

        2. Plaintiffs' Cannot State A Claim Based On A Substantive Violation Of Section 17200. ................................................14

        3. Plaintiffs Have Not Alleged Sufficient Facts To Enable Them To Sue The Individual Moving Defendants On Behalf Of A Putative Class. ................................................16

BERRY & PERKINS
A PROFESSIONAL CORPORATION

i

        F.        PLAINTIFFS' COMPLAINT AGAINST DUNCAN IS TIME-BARRED. .........17

IV .   CONCLUSION .................................................................................................................18

BERRY & PERKINS
A PROFESSIONAL CORPORATION

Rule 12(b)(6) Motion To Dismiss Of Defendants Perizzolo, Price, Duncan, Papillon, Prasad
And Llado; Memorandum Of Points And Authorities        2:07-CV-00362-GEB-DAD

# TABLE OF AUTHORITIES

PAGE

## CASES

*Ballistreri v. Pacifica Police Dept.*,
　901 F.2d 696 (9th Cir. 1990).................................................................4

*Bank of the West v. Superior Court*,
　2 Cal. 4th 1254 (1992) ........................................................................15

*Brooks v. City of San Mateo*,
　229 F.3d 917 (9th Cir. 2000)............................................................9, 10

*Cahill v. Liberty Mut. Ins. Co.*,
　80 F.3d 336 (9th Cir. 1996).................................................................4

*California Serv. Station Ass'n v. Union Oil Co.*,
　232 Cal. App. 3d 44 (1991).................................................................16

*County of Alameda v. Fair Employment & Housing Com.*,
　153 Cal. App. 3d 499 (1984)...............................................................9

*Department of Corrections v. State Personnel Board*,
　59 Cal. App. 4th 131 (1997)................................................................9

*Ellison v. Brady*,
　924 F.2d 872 (9th Cir. 1991)............................................................9, 10

*Fiol v. Doellstedt*,
　50 Cal. App. 4th 1318 (1996)..............................................................12

*Fisher v. San Pedro Peninsula Hosp.*,
　214 Cal. App. 3d 590 (1989)........................................................7, 9, 10

*Flait v. North American Watch Corp.*,
　3 Cal. App. 4th 467 (1992)..................................................................4

*Fuller v. City of Oakland*,
　47 F.3d 1522 (9th Cir. 1995)...............................................................9

*Guthrey v. State of California*,
　63 Cal.App.4th 1108 (1998).................................................................10

*Herberg v. California Institute of the Arts*,
　101 Cal. App. 4th 142 (2002)........................................................8, 9, 10

*Ingels v. Westwood One Broadcasting Services, Inc.*,
　129 Cal. App. 4th 1050 (2005).............................................................14

*Jones v. City of L.A.*,
　444 F.3d 1118 (9th Cir. 2006)..............................................................15

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- iii -

*Jones v. Lodge At Torrey Pines Partnership*,
    147 Cal. App. 4th 475 (2007).................................................................4, 5, 6, 7

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999).................................................................14

*Lockheed Martin Corp. v. Superior Court*,
    29 Cal.4th 1096 (2003) ........................................................................16

*McRae v. Dept. of Corrections and Rehabilitation*,
    142 Cal. App. 4th 377 (2006).................................................................5

*Meritor Sav. Bank v. Vinson*,
    477 U.S. 57, 106 S.Ct. 2399 (1986) .....................................................9, 10

*Miller v. Maxwell's International, Inc.*,
    991 F.2d 583 (9th Cir. 1993).................................................................13

*Reitter v. City of Sacramento*,
    87 F.Supp.2d 1040 (E.D.Cal. 2000) ......................................................13

*Romano v. Rockwell Int'l, Inc.*,
    14 Cal. 4th 479 (1996) .........................................................................17

*Sav-On Drug Stores, Inc. v. Superior Court*,
    34 Cal.4th 319 (2004) ..........................................................................16

*Scripps Clinic v. Superior Court*,
    108 Cal. App. 4th 917 (2003).................................................................14

*Sheffield v. Los Angeles County Dept. of Social Services*,
    109 Cal. App. 4th 153 (2003).................................................................9

*Smith v. State Farm Mutual Auto. Ins. Co.*,
    93 Cal. App. 4th 700 (2001)..................................................................14

*Strother v. Southern Cal. Permanente Med. Group*,
    79 F.3d 859 (9th Cir. 1996)...................................................................5

*Sun Microsystems, Inc. v. Microsoft Corp.*,
    188 F.3d 1115 (9th Cir. 1999)................................................................16

*Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*,
    76 F.3d 692 (6th Cir. 1996)...................................................................4

*Weinberger v. Romero-Barcelo*,
    456 U.S. 305 (1982) .............................................................................15

*Yanowitz v. L'Oreal USA, Inc.*,
    36 Cal. 4th 1028 (2005) ........................................................................5, 6, 7

BERRY & PERKINS
A PROFESSIONAL CORPORATION

**RULES, STATUTES, AND TREATISES**

42 U.S.C. Section 2000e ...............................................................................................13, 17

Bus. & Prof. Code Section 17200 ...............................................................13, 14, 15, 18

Bus. & Prof. Code Section 17203 ...............................................................................13, 15

Bus. & Prof. Code Section 17204 ......................................................................................16

Bus. & Prof. Code Section 17208 ......................................................................................18

Cal. Civ. Code Proc. Section 382 ......................................................................................16

Gov. Code Section 12960 ..................................................................................................17

Govt. Code Section 12940 (h) (1) and (i) .........................................................................12

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- v -

Rule 12(b)(6) Motion To Dismiss Of Defendants Perizzolo, Price, Duncan, Papillon, Prasad
And Llado; Memorandum Of Points And Authorities       2:07-CV-00362-GEB-DAD

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3   Plaintiffs Spade and Myers' First Amended Complaint ("FAC") alleges twelve claims for

4 relief sounding in various alleged unlawful employment practices against their employer

5 Defendant The Pepsi Bottling Group, Inc. ("PBG"), and eight co-workers. Of Plaintiffs' twelve

6 claims for relief, only four are directed against Moving Defendants Duncan, Price, Perizzolo,

7 Llado, and Papillon and only two are directed against Prasad. Specifically, Plaintiffs seek to hold

8 Duncan, Price, Perizzolo, Llado, and Papillon liable for retaliation in violation of the California

9 Fair Employment and Housing Act ("FEHA") (fifth claim for relief); sexual harassment in

10 violation of the FEHA (sixth claim for relief); sexual harassment in violation of Title VII (eighth

11 claim for relief); and for unfair competition based on their alleged harassment and retaliation

12 (eleventh claim for relief). Plaintiffs seek to hold Prasad liable for retaliation (fifth claim for

13 relief) and unfair competition (eleventh claim for relief) only.

14   Plaintiffs' fifth, sixth, eighth and eleventh causes of action against the Moving Defendants

15 are fatally flawed and should be dismissed. While the Moving Defendants vigorously dispute the

16 factual allegations in Plaintiffs' FAC, those allegations, even if true, fail to state a claim against

17 any of the Moving Defendants for retaliation, sexual harassment, or unfair competition. The

18 majority of Plaintiffs' allegations of allegedly improper conduct are directed at defendants who

19 are not parties to this motion and who will remain in this lawsuit even if all of the Moving

20 Defendants are dismissed. When those allegations against the non-moving defendants are weeded

21 out (for the purposes of this Motion), what remains are allegations of only one improper comment

22 allegedly made by Perizzolo, Price, Duncan and Papillon each, and sketchy allegations that Llado

23 and Prasad failed to prevent harassment/discrimination. These scant allegations are insufficient as

24 a matter of law to hold any of the Moving Defendants liable for retaliation under the FEHA or

25 sexual harassment under the FEHA and Title VII.

26   Plaintiffs' eleventh claim for relief against the Moving Defendants for alleged unfair

27 business practices under California Business & Professions Code Section 17200 is also fatally

28 flawed. None of the conduct by the Moving Defendants of which Plaintiffs complain is unlawful

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- 1 -

under any of the theories set forth by Plaintiffs. Plaintiffs' attempt to borrow from the FEHA or Title VII to sustain a claim for relief under Section 17200 against the Moving Defendants is, therefore, unavailing. Moreover, none of the allegedly improper comments, or failures to act, by any of the Moving Defendants can be defined as an "unfair business practice" by any of the Moving Defendants which can be remedied with an injunction or restitution. As such, Section 17200 cannot be used as a vehicle for liability in its own right against the Moving Defendants.

## II.    PLAINTIFFS' FACTUAL ALLEGATIONS

Plaintiffs Spade and Myers allege that they were employed by defendant PBG. (FAC, ¶¶ 1 and 2.)  Both Plaintiffs allege that they were subjected to discriminatory treatment, sexual harassment and retaliation from August 2002 to the present. Although Plaintiffs have prepared a lengthy complaint with twelve claims for relief, even a cursory review of Plaintiffs' FAC reveals that the majority of the allegations are against defendants Ray Meek and Scott Welch, not the Moving Defendants. In fact, the FAC contains only one factual allegation against Perizzolo, Price, Duncan and Papillon each:

- Spade alleges that **Perizzolo** commented "about the placement of a vending machine by [Spade] saying 'now that's diversity at work.'" (FAC, ¶ 15.)

- Spade alleges that **Price** asked her "I hope you don't take this the wrong way, but why aren't you in the office with the rest of the other women, why would you want to do this hard job?" (FAC, ¶ 15.)

- Myers alleges that **Duncan** made "inappropriate comments" during a May 2002 meeting in which Myers was present "followed quickly by 'oh I better be careful someone might report me to HR.'" Myers further alleges that Duncan "made these comments repeatedly until finally Myers asked if he was referring to her. [Duncan] then proceeded to laugh at Myers.'" (FAC, ¶ 21.)

- Even though Myers alleges that Papillon was routinely heard by *other employees* in May 2006 talking about his lack of respect for women, blacks, and gay men, and referring to women in derogatory terms, the only allegation that Myers makes about Papillon's conduct towards her is that **Papillon** came into her office, laughed and said "this looks

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1    like a woman's office." (FAC, ¶ 25.)

2    Although Plaintiffs have named Prasad in their claim for retaliation, and Llado in their

3    claims for retaliation and sexual harassment, Plaintiffs do not allege that either Prasad or Llado

4    personally engaged in harassing or retaliatory conduct toward them. Rather, Plaintiffs' sole

5    allegations against Prasad and Llado are that they failed to stop the allegedly wrongful behavior

6    of others. Specifically, Plaintiffs allege that Prasad, PBG's Human Resources Manager, "allowed

7    sexual jokes, statements, and actions that are demeaning to women to take place in her presence"

8    (FAC, ¶ 14) and that Prasad allowed Meek to use a laser pointer to highlight her breasts (and the

9    breasts of other female employees) during a sales meeting. (FAC, ¶¶ 14 and 18.) As to Llado,

10   Spade claims that when she attempted to raise her concerns about defendants Meek and Welch

11   with Llado, Llado "cut her off and said 'I hear the same thing out of Rhonda in Reno and frankly,

12   I am sick of it.'" (FAC, ¶ 29.)

13   With the exception of these isolated and stray allegations against the Moving Defendants,

14   all other allegations of harassment and retaliation are against defendants Meek or Welch. Spade's

15   retaliation claim centers around her claims that she was denied promotional opportunities by Ray

16   Meek, that Meek provided male employees with additional business opportunities in Spade's

17   territory, and that Meek took a portion of Spade's territory away from her and gave it to male

18   employees. (FAC, ¶ 17.)

19   Similarly, Myers' specific allegations of retaliation do not name any of the Moving

20   Defendants.  Myers claims that she was ignored by Meek and others during staff meetings and

21   generally ostracized in retaliation for her complaints. (FAC, ¶ 23.) Myers also alleges that she

22   was ordered to move out of PBG's newly remodeled offices by a co-worker who is not named as

23   a defendant in retaliation for her complaints. (FAC, ¶ 24.)

24   As a result of this alleged harassment, discrimination and retaliation, Myers claims she

25   quit her employment in July 2006. (FAC, ¶ 29.)  Spade has not left PBG's employ.

26   / / /

27   / / /

28   / / /

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- 3 -

### III.   LEGAL ARGUMENT

#### A.  STANDARD

Pursuant to Rule 12(b)(6), an action should be dismissed where the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (dismissal proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory").  In ruling on a motion to dismiss, the court must (1) construe the Complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996); *Vector Research, Inc. v. Howard & Howard Attorneys, P.C*., 76 F.3d 692, 697 (6th Cir. 1996). Here, the isolated comment(s) allegedly made by Perizzolo, Price, Duncan and Papillon, and the alleged failure by Prasad and Llado to stop the alleged harassment, are not actionable against these individual defendants, as a matter of law, under any of the theories alleged by Plaintiffs. Plaintiffs' FAC against the Moving Defendants should be dismissed.

#### B.  PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR RETALIATION UNDER CALIFORNIA LAW FAILS TO STATE A CLAIM AGAINST ANY OF THE MOVING DEFENDANTS

Plaintiffs' fifth claim for relief for retaliation in violation of the FEHA is against all Moving Defendants. To establish a claim of retaliation under Government Code Section 12940(h), Plaintiffs must demonstrate that (1) they engaged in a "protected activity," (2) the defendants subjected them to an "adverse employment action," and that (3) a "causal link" exists between the "protected activity" and the adverse employment action.  *Jones v. Lodge At Torrey Pines Partnership*, 147 Cal. App. 4th 475, 495 (2007); *Flait v. North American Watch Corp*., 3 Cal. App. 4th 467, 476 (1992). Plaintiffs' fifth claim for relief fails because their allegations do not satisfy the second or third elements of a prima facie claim for retaliation.

BERRY & PERKINS
A PROFESSIONAL CORPORATION

**1. The Alleged Acts Or Omissions By The Moving Defendants Do Not Constitute An Adverse Employment Action.**

An adverse employment action is an "action that substantially and materially adversely affect[s] the terms and conditions of employment." *Jones*, 147 Cal. App. 4th at 499. Not every employment decision amounts to an adverse employment action. *Strother v. Southern Cal. Permanente Med. Group*, 79 F.3d 859, 869 (9th Cir. 1996). "Minor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an **objective** perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable…" *Jones*, 147 Cal. App. 4th at 498 *citing Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1054 (2005). "If every minor change in working conditions or trivial action were a materially adverse action then any action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *McRae v. Dept. of Corrections and Rehabilitation*, 142 Cal. App. 4th 377, 386 (2006) (noting that "[w]orkplaces are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate to the level of a materially adverse employment action").

Thus, to state an actionable claim for retaliation in violation of the FEHA, "[t]he plaintiff must show the employer's retaliatory actions had a detrimental and substantial effect on the plaintiff's employment." *Id.,* at 386. "Requiring an employee to prove a substantial adverse job effect guards against both judicial micromanagement of business practices and frivolous suits over insignificant slights." *Id.* at 387. Plaintiffs' allegations against the Moving Defendants are a perfect example of the relatively minor slights that courts have concluded cannot reasonably be likely to alter the terms and conditions of employment. Plaintiffs' FAC does not include any allegations that any of the Moving Defendants were responsible for any serious employment decisions. Rather, the only specific allegations against Moving Defendants Perizzolo, Price, Duncan and Papillon are that they each made one allegedly stray offensive comment to one of the Plaintiffs, and that Llado and Prasad allegedly failed to stop harassment by Meek. Although both Spade and Myers alleged that they were denied promotions and sales opportunities because they

BERRY & PERKINS
A PROFESSIONAL CORPORATION

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1   complained of harassment and discrimination, and Myers alleges that she was constructively

2   discharged, Plaintiffs' FAC makes clear that none of the Moving Defendants was responsible for

3   the alleged denied promotions or missed business opportunities. (See FAC  17, 23 and 24.)

4        Because Plaintiffs seek to hold each of the Moving Defendants *individually* liable for his

5   or her isolated behavior, the Court must view each of the Plaintiffs' specific allegations against

6   the Moving Defendants in isolation to determine if the specific acts alleged were alone sufficient

7   to have substantially and materially adversely affected the terms and conditions of Plaintiffs'

8   employment. As shown above, Plaintiffs' isolated allegations against each individual Moving

9   Defendant are simply insufficient as a matter of law to be actionable. Perizzolo's sole isolated

10  comment that a vending machine near Spade constituted "diversity at work" can hardly be

11  considered to substantially and materially adversely affect the terms and conditions of Spade's

12  employment to warrant holding Perizzolo personally liable for retaliation. Similarly, Price's

13  alleged comment to Spade that she should be in the office with the rest of the women, and

14  Duncan's alleged comment to Myers that he should be careful lest he be reported to HR are too

15  trivial to be actionable.

16       The same holds true with regard to Myers' claims about Papillon. While Myers alleges

17  that Papillon was routinely heard by *other employees* in May 2006 talking about his lack of

18  respect for women, blacks, and gay men, and referring to women in derogatory terms, the only

19  comment that Myers alleges Papillon made to her was his alleged comment that her office looked

20  like a woman's office. Again, this isolated comment hardly rises to the level required by the

21  courts in *Yanowitz* and *Jones*. No reasonable finder of fact could conclude that a comment about

22  the appearance of an office was in and of itself sufficient to substantially and materially adversely

23  alter the terms and conditions of Myers' employment, or a reasonable woman in Myers' position.

24  Myers' allegations regarding Papillon's comments to other employees about blacks, gays and

25  other women do not alter this result because Myers has not alleged – and cannot allege – that

26  Papillon's alleged comments substantially and materially altered the terms and conditions of her

27  employment, or that these alleged comments to others were causally related to her alleged

28  protected activity.

- 6 -

1   The only specific factual allegations against Llado and Prasad are that they failed to stop

2   harassment. Plaintiffs' sole claims against Prasad are that she "allowed sexual jokes, statements,

3   and actions that are demeaning to women to take place in her presence" and "allowed" Meek to

4   use a laser pointer to highlight her breasts (and the breasts of other female employees) during a

5   sales meeting. Plaintiffs' sole claims as to Llado are that he cut Spade off when she attempted to

6   tell him about Meek and Welch's alleged harassment. These isolated incidents, even if true, do

7   not rise to the level of an actionable adverse employment action of a type contemplated by courts

8   in *Jones* and *Yanowitz* as supporting liability.

9   Plaintiffs' general allegations that they were ostracized and treated differently by co-

10  workers (presumably including the Moving Defendants) in retaliation for their complaints also do

11  not salvage Plaintiffs' attempts to hold any of the Moving Defendants **individually** liable. Mere

12  ostracism suffered at the hands of co-workers cannot constitute an adverse employment action.

13  *Jones* at 498 ("[A] mere offensive utterance or even a pattern of social slights by either the

14  employer or co-employees cannot properly be viewed as materially affecting the terms,

15  conditions, or privileges of employment."); *Yanowitz*, at 1054 (same). *See also Fisher v. San*

16  *Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 615 (1989) ("Ostracism, of course, does not

17  amount to a hostile environment, and no cause of action can be pled on that basis alone").

18  Because all of the alleged acts by the Moving Defendants of which Plaintiffs complain are

19  insufficient as a matter of law to constitute an adverse employment action, Plaintiffs' fifth claim

20  for relief is legally deficient and should be dismissed.

21  **2.  Plaintiffs Have Not And Cannot Plead A Causal Connection Between Their**

22  **Protected Activity And The Alleged Acts Or Omissions By The Moving**

23  **Defendants.**

24  Not only are the alleged acts and omissions of the Moving Defendants insufficient to

25  constitute "adverse employment actions," Plaintiffs' fifth claim for relief for retaliation would

26  still fail because Plaintiffs have not, and cannot, allege that any of the conduct of which they

27  complain was done in retaliation for their alleged complaints of harassment or discrimination.

28  Plaintiffs' FAC includes no factual allegations that Price, Perizzolo or Papillon knew about

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1   Plaintiffs' complaints of wrongful conduct when they allegedly made their comments, or even

2   that the allegedly offensive comments were made after Plaintiffs' complained. Moreover,

3   Duncan's alleged retaliatory comment in May 2002 occurred almost five years before Plaintiffs'

4   filed their FAC, and as such, arguably predates much of the alleged harassment or complaints of

5   harassment.

6       Additionally, Plaintiffs have not pled that Llado or Prasad's alleged failure to stop the

7   harassment was in retaliation for their complaints. Indeed, given the fact that Plaintiffs alleged

8   that Prasad herself was the subject of harassment (Meek allegedly used a laser pointer to highlight

9   Prasad's breasts), a trier of fact would have to believe that Prasad was willing to personally be

10  humiliated in order to retaliate against Plaintiffs. With no allegations establishing the causal

11  connection between Plaintiffs' alleged protected activity and the Moving Defendants' alleged

12  conduct, Plaintiffs' claim for retaliation fails.

13  **C. PLAINTIFFS' SIXTH CLAIM FOR RELIEF FOR SEXUAL HARASSMENT**

14  **(FEHA) FAILS TO STATE A CLAIM**

15  **1. Plaintiffs' Sixth Claim For Relief Against Duncan, Price, Papillon and Perizzolo**

16  **Fails Because Plaintiffs' Allegations Of Sexual Harassment, Even If True, Are Not**

17  **"Sufficiently Severe Or Pervasive" To Be Actionable Under The FEHA**

18      There are two types of actionable sexual harassment under FEHA: quid pro quo

19  harassment and hostile work environment. *Herberg v. California Institute of the Arts*, 101 Cal.

20  App. 4th 142, 149 (2002).  A quid pro quo claim occurs when a supervisor demands sexual favors

21  in return for a job benefit.  *Id*.  Plaintiffs' FAC includes no allegation of quid pro quo sexual

22  harassment. Rather, Plaintiffs' FAC purports to state a claim for relief based on the hostile work

23  environment theory. (FAC, ¶¶ 69 – 70.)

24      In order to plead a cause of action for hostile work environment sexual harassment, a

25  plaintiff must pled that (1) she was subjected to verbal or physical conduct of a sexual nature, (2)

26  the conduct was unwelcome, and (3) the complained of conduct was sufficiently severe or

27  pervasive so as to alter the conditions of her employment and create an abusive working

28  environment. *Sheffield v. Los Angeles County Dept. of Social Services*, 109 Cal. App. 4th 153

BERRY & PERKINS
A PROFESSIONAL CORPORATION

(2003). In deciding hostile work environment cases, most courts focus on the third element of the prima facie case – i.e., whether the complained of conduct was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive work environment.

Not all workplace conduct that may be described as harassment affects a term, condition, or privilege of employment. *Department of Corrections v. State Personnel Board*, 59 Cal. App. 4th 131, 149-150 (1997) *quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399 (1986).  In assessing whether the harassment is sufficiently severe or pervasive under the FEHA, courts look to the totality of the circumstances alleged, viewing the conduct from both a subjective and **objective** perspective. *Herberg*, 101 Cal. App. 4th at 149-150; *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (The working environment must both subjectively and objectively be perceived as abusive); *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991) ("[A] female plaintiff states a prima facie case of hostile environment sexual harassment when she alleges conduct which a reasonable woman would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.")\1

Thus, in order to make a prima facie case of hostile work environment sexual harassment, a plaintiff must prove that conduct was sufficiently serious that it (1) would have interfered with a reasonable employee's work performance; (2) would have seriously affected the psychological well-being of a reasonable employee; and (3) that the Plaintiffs were actually offended. *Id.* citing *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 606-610 (1989). Factors to be considered in evaluating the totality of the circumstances include (1) the nature of the unwelcome sexual acts or words (with physical touching generally considered more offensive than mere words); (2) the frequency of the offensive acts or encounters; (3) the total number of days over which all the offensive conduct occurred; and (4) the context in which the sexually harassing

---

1.  In analyzing sexual harassment claims under FEHA, courts have historically looked to federal decisions regarding sexual harassment claims brought under Title VII of the Civil Rights Act of 1964.  *Fisher*, 214 Cal. App. 3d at 606.  The court in *Fisher* noted that the anti-discriminatory objectives and the overriding public policy purposes of FEHA and Title VII were identical.  *Id. citing County of Alameda v. Fair Employment & Housing Com.*, 153 Cal. App. 3d 499, 504 (1984).  See also, *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (recognizing that Title VII and FEHA operate under the same guiding principles and analyzing FEHA action under federal law).

BERRY & PERKINS
A PROFESSIONAL CORPORATION

conduct occurred. *Herberg*, 101 Cal. App. 4th at 150 *citing Fisher*, 214 Cal. App. 3d at 606-610 (emphasis added).

Looking at the totality of the circumstances, Plaintiffs' allegations are insufficient as a matter of law to state a cause of action for hostile work environment against Perizzolo, Price, Duncan or Papillon. Plaintiffs' FAC contains only one allegation of allegedly offensive verbal comments by defendants Perizzolo, Price, Papillon and Duncan each. While a single incident of harassment may sometimes be sufficient to establish liability for sexual harassment, courts have uniformly held that in order to be actionable, that single incident must be "severe in the extreme and generally must include either physical violence or the threat thereof." *Herberg*, at 151 *citing Ellison v. Brady*, *supra*. Perizzolo, Price, Papillon and Duncan's stray comments simply do not meet this standard. *Ellison,* 974 F.2d at 876 *quoting Meritor*, 477 U.S. at 67. (The "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee" is not, by itself, actionable).

Indeed, "[b]ecause only the employer can change the terms and conditions of employment, an isolated incident of harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that sexual harassment has become a permanent feature of the employment relationship." *Brooks*, 229 F.3d at 924. See also, *Fisher*, 214 Cal. App. 3d at 609 ("In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature"); *Guthrey v. State of California*, 63 Cal.App.4th 1108, 1123 (1998) (same). Even "unwelcome sexual touching is insufficient to constitute severe or pervasive harassment when the incidents are isolated and there is no violence or threat of violence." *Herberg*, 101 Cal. App. 4th at 149, 153.

There is no allegation that Perizzolo, Price, Duncan or Papillon ever engaged in any physical harassment against Plaintiffs or even threatened physical violence against them. The only allegations against these Moving Defendants are that (1) **Perizzolo** commented to Spade about the placement of the vending machine saying that's "diversity at work;" (2) **Price** asked Spade "I hope you don't take this the wrong way, but why aren't you in the office with the rest of

- 10 -

1   the other women, why would you want to do this hard job;" (3) **Duncan** "made inappropriate

2   comments" during meeting in which Myers was present "followed quickly by 'oh I better be

3   careful someone might report me to HR" and laughed when Myers asked if he was referring to

4   her; and (4) that **Papillon** came into Myers' office, laughed and said "this looks like a woman's

5   office."

6       Even taken together, these comments are not sufficiently pervasive or severe so as to alter

7   the conditions of Plaintiffs' employment and create an abusive work environment. However,

8   because Plaintiffs are seeking to hold these defendants ***individually*** liable for the alleged

9   comments made by them, each comment must be examined ***alone*** to determine whether it ***alone***

10   is sufficient to impose liability against the individual defendant under this standard. When

11   examined individually, the futility of Plaintiffs' claims against these Moving Defendants in their

12   individual capacities is clear. None of the isolated comments alleged to have been made by

13   Moving Defendants can in and of themselves be determined to be so severe so as to have altered

14   the conditions of Plaintiffs' employment at PBG, as well as that of a reasonable woman in

15   Plaintiffs' position. Because Perizzolo, Duncan, Price and Papillon are alleged to have made only

16   one comment, their conduct cannot be said to be "pervasive." Thus, looking at the totality of the

17   circumstances, Plaintiffs' allegations of alleged harassment by Perizzolo, Price, Duncan and

18   Papillon are insufficient to support a claim for sexual harassment. Plaintiffs' sixth claim for relief

19   against Perizzolo, Price, Duncan and Papillon should be dismissed.

20       **2.  Plaintiffs' Sixth Cause of Action Against Llado Fails Because the FEHA Does Not**

21          **Impose Individual Liability For Alleged Failure To Prevent Harassment**

22       Plaintiffs' claim against Llado for sexual harassment in violation of the FEHA is also

23   legally and factually meritless. Plaintiffs do not claim that Llado personally engaged in harassing

24   behavior. Rather, Plaintiffs' only claim against Llado is that Llado responded to Spade's concerns

25   about Meek by cutting her off and saying "I hear the same thing out of Rhonda in Reno and

26   frankly, I am sick of it." (Complaint, ¶ 16.)

27       While Llado disputes Plaintiff's allegation, this allegation, even if true, is not actionable

28   under the FEHA because the FEHA does not impose liability on a supervisor for failing to take

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1    action upon learning of another supervisor or co-worker's harassment. *Fiol v. Doellstedt*, 50 Cal.

2    App. 4th 1318 (1996). In *Fiol*, plaintiff was subjected to harassing conduct by a supervisor who

3    repeatedly made sexual jokes and innuendos at plaintiff's expense, grabbed plaintiff's crotch and

4    buttocks, rubbed his pelvic area against plaintiff's back, kissed plaintiff, forced plaintiff's face

5    into his crotch area and demanded copulation. Plaintiff's supervisor also told plaintiff that in

6    order for plaintiff to advance in the company, she would have to submit to the sexual advances.

7    *Id*. at 1322. Plaintiff complained to defendant Doellstedt (her harasser's supervisor) for months to

8    no avail. Plaintiff was eventually terminated. Plaintiff sued her employer, her alleged harasser and

9    Doellstedt for sexual harassment in violation of FEHA. The trial court granted Doellstedt's

10   motion for judgment on the pleadings and the appellate court affirmed.

11        In affirming Doellstedt's judgment on the pleadings, the court concluded that "a

12   supervisory employee owes no duty to his or her subordinates to prevent sexual harassment in the

13   workplace. That is a duty owed only by the employer." *Id*. at 1326; Govt. Code Section 12940 (h)

14   (1) and (i). The court rejected plaintiff's attempted reliance on cases holding that supervisors can

15   be personally liable under the FEHA for harassment or aiding and abetting harassment noting that

16   the key difference between plaintiff's case and other cases imposing personal liability on

17   individual supervisors is that in plaintiff's case, the defendant merely failed to act. "Mere failure

18   to act does not constitute the giving of 'substantial assistance or encouragement'" to the harasser

19   so as to render the non-harassing supervisor an aider and abettor of the harasser. *Id*. at 1326-27.

20        Plaintiffs' claim against Llado fails for these same reasons. Plaintiffs have not alleged,

21   because they cannot, that Llado either actively engaged in harassment, or actively engaged in

22   conduct that provided substantial assistance or encouragement to Plaintiffs' alleged harassers.

23   With no such allegations, Plaintiffs' claims against Llado for sexual harassment in violation of the

24   FEHA fail as a matter of law, and must be dismissed.

25   **D. PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR SEXUAL HARASSMENT**

26       **(TITLE VII) FAILS TO STATE A CLAIM BECAUSE TITLE VII DOES NOT**

27       **IMPOSE LIABILITY ON EMPLOYEES FOR ALLEGED UNLAWFUL**

28       **EMPLOYMENT PRACTICES**

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1    Plaintiffs' eighth claim for relief for sexual harassment based on Title VII, 42 U.S.C.

2    Section 2000e, et seq. fails as a matter of law against defendants Perizzolo, Price, Duncan,

3    Papillon, and Llado because there can be no individual liability under Title VII. *Miller v.*

4    *Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) .

5    In *Miller*, plaintiff filed suit against her employer and six co-workers alleging claims for

6    sex discrimination in violation of Title VII among other causes of action. The trial court's

7    dismissal of the cause of action based on Title VII against the individual defendants was affirmed

8    on appeal. The court reasoned that since Title VII is specifically limited to employers with 15 or

9    more employees, Congress could not have intended Title VII to apply to employees in their

10   individual capacity. *Id.* at 587.

11   Plaintiffs' attempt to hold defendants Duncan, Price, Perizzolo, Papillon, and Llado

12   individually liable for sexual harassment under Title VII is, therefore, fatally flawed. Plaintiff's

13   eighth cause of action for sexual harassment under Title VII must be dismissed.

14   **E.  PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM**

15   Plaintiffs' eleventh claim for relief against the Moving Defendants for alleged unfair

16   business practices fails as well. Section 17200 prohibits unfair competition in the form of any

17   unlawful, unfair, fraudulent business practice or any unfair, deceptive, untrue or misleading

18   advertising, as well as any act prohibited by Business & Professions Code Sections 17500-

19   17577.5. Bus. & Prof. C. Section 17203. Plaintiffs' eleventh cause of action seeks to hold

20   Perizzolo, Duncan, Price, Papillon, Prasad and Llado individually liable under Section 17200 for

21   violating the FEHA and Title VII by allegedly sexually harassing, allowing sexual harassment,

22   and/or retaliating against Plaintiffs. (FAC, 99(a) and (b)). Because Plaintiffs' claims against the

23   Moving Defendants under the FEHA and Title VII are not actionable, and because the alleged

24   conduct of the Moving Defendants cannot reasonably be called an unfair "business practice"

25   which can be remedied with an injunction or restitution, Plaintiffs' eleventh claim for relief fails

26   as a matter of law.

27

28

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1

**1. Plaintiffs' Attempts To "Borrow" From The FEHA Or Title VII To State A**

2

**Claim For Relief Under Bus. & Prof. Code Section 17200 Is Without Merit.**

3       California courts have defined an "unlawful business activity" as "anything that can

4   properly be called a business practice and that at the same time is forbidden by law." *Smith v.*

5   *State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 717-18 (2001). Because almost any law

6   can serve as a predicate for Section 17200, courts have found that Section 17200 "borrows

7   violations of other laws and treats them as 'unlawful' practices independently actionable under

8   the unfair competition law." *Id.*, at 718. Where, as here, a plaintiff seeks to impose liability under

9   Section 17200 by borrowing from another federal and state law, it stands to reason that no

10  liability under Section 17200 can be imposed where the alleged conduct is not itself actionable

11  under the borrowed state or federal law. *Ingels v. Westwood One Broadcasting Services, Inc.*, 129

12  Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under Section 17200 for

13  committing 'unlawful business practices' without having violated another law."); *Lazar v. Hertz*

14  *Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). As shown above, all of Plaintiffs' claims against the

15  Moving Defendants are fatally deficient. For the reasons articulated above, Plaintiffs cannot state

16  a claim for relief for sexual harassment under the FEHA and Title VII, or retaliation under the

17  FEHA against any of the Moving Defendants. Thus, any attempts by Plaintiffs to "borrow" from

18  the FEHA or Title VII must fail.

19      **2. Plaintiffs' Cannot State A Claim Based On A Substantive Violation Of Section**

20      **17200.**

21      Unable to rely on a violation of another statute, Plaintiffs' Section 17200 also fails for

22  substantive reasons. Although, the reach of Section 17200 is purposefully broad "to permit courts

23  to restrain dishonest or unfair business dealings, the scope of the law is not unlimited." *Scripps*

24  *Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938 (2003). The conduct complained of must

25  constitute a "business practice" to be covered by Section 17200, and it must constitute unfair

26  competition.

27      While Section 17200 does not define a "business practice" and no California court has yet

28  provided a precise definition for the term under Section 17200, isolated comments of the type

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- 14 -

1    alleged by Plaintiffs can hardly be defined as business practices under even the most expansive

2    definition. Black's Law Dictionary defines "business" as "a commercial enterprise carried on for

3    profit, a particular occupation or employment habitually engaged in for livelihood or gain."

4    *Black's Law Dictionary*, 7th Edition. An examination of each of the Moving Defendants' alleged

5    conduct underscores the fact that none of the Moving Defendants' alleged conduct can possibly

6    be called a "business practice." Indeed, it seems nonsensical to argue that the alleged isolated

7    comments of Moving Defendants can in and of themselves constitute business practices.

8    The impracticability of applying Section 17200 to the Moving Defendants' alleged

9    conduct is further highlighted by the fact that Section 17200 provides no remedy for the alleged

10   harm Plaintiffs may have suffered by the Moving Defendants' conduct. The only remedies

11   available under Section 17200 are restitution and injunctive relief. Bus. & Prof. Code Section

12   17203. Damages are not recoverable under a Section 17200 claim. *Bank of the West v. Superior*

13   *Court*, 2 Cal. 4th 1254, 1266 (1992). Neither restitution nor injunctive relief is appropriate here.

14   Plaintiffs have not alleged that they suffered any loss of money or property as a result of

15   the isolated acts or omissions by Perizzolo, Price, Duncan, Papillon, Llado and Prasad, or that any

16   of the Moving Defendants gained any profit by making allegedly off-color remarks to Plaintiffs

17   or failing to stop the remarks from being made by others. Because the Moving Defendants gained

18   nothing from their alleged acts or omissions, restitution cannot be an appropriate remedy – there

19   is nothing to restore to Plaintiffs.

20   Injunctive relief is also unavailable here. Injunctive relief requires a showing of both

21   irreparable injury and inadequacy of plaintiffs' legal remedies. *Weinberger v. Romero-Barcelo*,

22   456 U.S. 305, 312 (1982). In order to obtain injunctive relief, "a plaintiff is required to

23   demonstrate a real and immediate threat of future injury. The key issue is whether the plaintiff is

24   'likely to suffer future injury.'" *Jones v. City of L.A.*, 444 F.3d 1118, 1126 (9th Cir. 2006). There

25   is no such threat as to the Moving Defendants. With regard to Myers, by her own admission, she

26   is no longer employed at PBG. As such, she is in no danger of having Duncan or Papillon make

27   any more 'offensive' comments to her in the workplace. No injunction is necessary to protect

28   Myers from Papillon or Duncan.

BERRY & PERKINS
A PROFESSIONAL CORPORATION

BERRY & PERKINS
A PROFESSIONAL CORPORATION

While Spade is still employed at PBG with the Moving Defendants, her allegations show that she is also not in any danger of having the conduct of which she complains of repeated. According to Spade's own allegations, Price and Perizzolo made allegedly offensive comments to her only once. Price and Perizzolo's alleged conduct allegedly has already stopped without the need for an injunction. Spade's claims against Llado and Prasad are based on their alleged failure to stop harassment by Meek and Welch. However, neither Meek nor Welch are still employed at PBG. Accordingly, Spade is in no danger – let alone immediate danger – that Llado and Prasad will fail to protect her from Meek or Welch again.

With no threat that the complained of conduct will recur, Plaintiffs' request for injunctive relief must fail. *California Serv. Station Ass'n v. Union Oil Co*., 232 Cal. App. 3d 44, 57 (1991) (the general rule is that "injunctive relief will be denied if at the time of the order or judgment, there is no reasonable probability that the past acts complained of will recur, i.e., where the defendant voluntarily discontinues the wrongful conduct"); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999) ("Under California law [Bus. & Prof. C. Section 17200], a plaintiff cannot receive an injunction for past conduct unless he shows that the conduct will probably recur.")

### 3.   Plaintiffs Have Not Alleged Sufficient Facts To Enable Them To Sue The Individual Moving Defendants On Behalf Of A Putative Class.

Plaintiffs also purport to bring a representative action on behalf of themselves and all other current and former employees of PBG against the Moving Defendants for unfair competition. (FAC, ¶ 103) Before Plaintiffs can bring a representative action on behalf of themselves and others, they must first show that they have "suffered injury in fact" and "lost money or property as a result of such unfair competition." See Bus. & Prof. C. 17204. Plaintiffs must also meet the class action requirements of Cal. Civ. C. Proc. Section 382, i.e., Plaintiffs must "establish the existence of both an ascertainable class and a well-defined community of interest among class members." *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319 (2004) *citing Lockheed Martin Corp. v. Superior Court*, 29 Cal.4th 1096, 1104 (2003). "The 'community of interest' requirement embodies three factors: (1) predominant common questions

- 16 -

1  of law or fact; (2) class representatives with claims or defenses typical of the class; (3) class

2  representatives who can adequately represent the class." *Id.*

3  As noted above, Plaintiffs cannot show that they have suffered a loss of any money or

4  property as a result of the alleged conduct of any of the Moving Defendants. As such, Plaintiffs

5  do not have standing to assert a representative action under Section 17200. Even if they could,

6  Plaintiffs cannot establish either an ascertainable class or a well-defined community of interest

7  among class members with regard to their claims against the Moving Defendants. Plaintiffs have

8  not alleged – and cannot allege – that Perizzolo, Price, Duncan, or Papillon made similar

9  comments to any other PBG employees, or that Prasad or Llado failed to stop harassment of other

10  PBG employees. Accordingly, any attempt by Plaintiff to bring a class action based on allegations

11  against any of the Moving Defendants must fail.

12  **F.  PLAINTIFFS' COMPLAINT AGAINST DUNCAN IS TIME-BARRED.**

13  The only factual allegation against Duncan is that he made an inappropriate comment to

14  Myers in a meeting that took place in May 2002. (FAC, 21.) Given the timing of Duncan's

15  alleged inappropriate comments (May 2002), Plaintiffs' claims for relief against Duncan are

16  barred by the statutes of limitation applicable to the FEHA, Title VII, and also Business &

17  Professions Code Section 17200.

18  The FEHA requires an aggrieved employee to file a charge with the DFEH within one

19  year of the date of the allegedly wrongful act. Gov. Code Section 12960; *Romano v. Rockwell*

20  *Int'l, Inc.*, 14 Cal. 4th 479, 491 (1996). Title VII's limitations period is a bit shorter. It requires an

21  aggrieved employee to file a charge with the EEOC within 180/300 days of the allegedly

22  wrongful act. 42 USC 2000e-5(f)(1). Myers did not file a charge with the EEOC until July 17,

23  2006, or with the DFEH until September 28, 2006 – more than four years after Duncan's alleged

24  statements. (A true and correct copy of Plaintiffs' charges are attached to Moving Defendants'

25  Request for Judicial Notice filed concurrently herewith.) Accordingly, Plaintiffs' claims against

26  Duncan for retaliation in violation of FEHA and sexual harassment in violation of FEHA and

27  Title VII are barred by the applicable statutes of limitation.

28

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1    Additionally, because Plaintiffs did not file this lawsuit until February 22, 2007, their

2    claim against Duncan for violation of Business & Professions Code Section 17200 is also

3    untimely. Section 17200 carries only a four year statute of limitations period. Bus. & Prof. C.

4    Section 17208.

5    **IV.   CONCLUSION**

6    For each of the foregoing reasons, Defendants Marc Perizzolo, Keith "Buck" Price, Kirt

7    Duncan, Scott Papillon, Ronila Prasad and Richard Llado respectfully request that this Court

8    dismiss Plaintiffs' First Amended Complaint with prejudice.

9    DATED: May 21, 2007                    BERRY & PERKINS, P.C.

11

12                                         By  /s/ *Esperanza V. Cervantes*
                                              Esperanza V. Cervantes
13                                            Attorneys for Defendants
                                              THE PEPSI BOTTLING GROUP, INC.,
14                                            MARC PERIZZOLO, KEITH "BUCK"
                                              PRICE, KIRT DUNCAN, SCOTT
15                                            PAPILLON, RONILA PRASAD, and
                                              RICHARD LLADO

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- 18 -