James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
Esperanza V. Cervantes (State Bar No. 197953)
BERRY & PERKINS
A Professional Corporation
2049 Century Park East, Suite 950
Los Angeles, California 90067-3134
Telephone:   (310) 557-8989
Facsimile:   (310) 788-0080

Attorneys for Defendant
SCOTT WELCH

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SPADE and RHONDA MYERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEPSI BOTTLING GROUP, INC.; RAY MEEK; MARK PERIZOLO; SCOTT WELCH, BUCK PRICE, KIRT DUNCAN; SCOTT PAPILLION; RONILLA PRASAD; and RICHARD LLADO,<br><br>　　　　Defendants. | Case No. 2:07-CV-00362-GEB-DAD<br><br>Honorable Garland E. Burrell, Jr.<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT SCOTT WELCH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), OR IN THE ALTERNATIVE, MOTION OF DEFENDANT SCOTT WELCH FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(e); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:**　August 6, 2007<br>**Time:**　9:00 a.m.<br>**Ctrm:**　10 |

BERRY & PERKINS
A PROFESSIONAL CORPORATION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 6, 2007, at 9:00 a.m. in Courtroom 10 of the above-entitled court, Defendant Scott Welch ("Welch") will and hereby does move this Court for an Order dismissing Plaintiffs Rachel Spade's ("Spade") and Rhonda Myers' ("Myers") (also collectively referred to herein as "Plaintiffs") First Amended Complaint against him. Alternatively, Welch will and hereby does move for an Order requiring Plaintiffs to provide a more definite statement of Welch's alleged wrongful acts.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) and is based on the grounds that the First Amended Complaint fails to state claims upon which relief can be granted against Welch. As is more fully shown below, the isolated comment(s) allegedly made by Welch are insufficient, as a matter of law, to hold him liable under the theories alleged by Plaintiffs.

In the alternative, pursuant to Federal Rule of Civil Procedure 12(e), Welch moves for an order requiring Plaintiffs to provide a more definite statement of their claims as to Welch. Welch, a former co-worker of plaintiff Spade, left the employment of defendant The Pepsi Bottling Group, Inc. ("PBG") in February 2004, over two and one-half years before this action was filed and over two years before any complaint referring to Welch was filed with either the Equal Employment Opportunity Commission or the California Department of Fair Employment and Housing. Plaintiff Myers makes no specific allegation of any alleged conduct by Welch toward her. A more definite statement should be required so that Welch may fairly respond to the allegations of the Complaint.

/ / /

/ / /

/ / /

1  This Motion is based on this Notice, the accompanying Memorandum of Points and
2  Authorities, the pleadings and papers filed in this action, and on such further evidence and
3  argument as the Court may receive at or before the hearing on this Motion.

4  DATED: June 28, 2007                                       Respectfully submitted,

5                                                              BERRY & PERKINS, P.C.

7                                                              By /s/ *James H. Berry, Jr.*
8                                                                 James H. Berry, Jr.
                                                                  Attorneys for Defendant
9                                                                 SCOTT WELCH

BERRY & PERKINS
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

I. INTRODUCTION ................................................................................................- 1 -

II. PLAINTIFFS' FACTUAL ALLEGATIONS .......................................................- 2 -

III. LEGAL ARGUMENT ..........................................................................................- 2 -

    A. STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS ...........................- 2 -

    B. PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR RETALIATION UNDER CALIFORNIA LAW FAILS TO STATE A CLAIM AGAINST WELCH ...............................................................................................................- 3 -

        1. Welch's Alleged Acts Do Not Constitute An Adverse Employment Action. ..............................................................................- 3 -

        2. Plaintiffs Have Not And Cannot Plead A Causal Connection Between Their Protected Activity And Welch's Alleged Acts ...............- 5 -

    C. Plaintiffs' Sixth Claim For Relief Against Welch Fails Because Plaintiffs' Allegations Of Sexual Harassment, Even If True, Are Not "Sufficiently Severe Or Pervasive" To Be Actionable Under The FEHA ...............................- 5 -

    D. PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR SEXUAL HARASSMENT (TITLE VII) FAILS TO STATE A CLAIM BECAUSE TITLE VII DOES NOT IMPOSE LIABILITY ON EMPLOYEES FOR ALLEGED UNLAWFUL EMPLOYMENT PRACTICES ...............................- 8 -

    E. PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM ................................................................................................................- 8 -

        1. Plaintiffs' Attempts To "Borrow" From The FEHA Or Title VII To State A Claim For Relief Under Bus. & Prof. Code Section 17200 Is Without Merit. .................................................................................- 9 -

        2. Plaintiffs' Cannot State A Claim Based On A Substantive Violation Of Section 17200. ....................................................................- 10 -

        3. Plaintiffs Have Not Alleged Sufficient Facts To Enable Them To Sue Welch On Behalf Of A Putative Class. ..........................- 11 -

    F. PLAINTIFFS' FAC AGAINST WELCH IS SO VAGUE AND AMBIGUOUS THAT WELCH CANNOT FRAME A RESPONSE WITHOUT A MORE DEFINITE STATEMENT. ..........................................- 12 -

IV. CONCLUSION ...................................................................................................- 13 -

i

Rule 12(b)(6) Motion To Dismiss Defendant Scott Welch; Alternative Rule 12(e) Motion;
Memorandum Of Points And Authorities    2:07-CV-00362-GEB-DAD

BERRY & PERKINS
A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ballistreri v. Pacifica Police Dept.*,
 901 F.2d 696 (9th Cir. 1990).................................................................................2

*Bank of the West v. Superior Court*,
 2 Cal. 4th 1254 (1992) ........................................................................................10

*Brooks v. City of San Mateo*,
 229 F.3d 917, 923 (9th Cir. 2000)......................................................................6, 7

*Cahill v. Liberty Mut. Ins. Co.*,
 80 F.3d 336 (9th Cir. 1996)..................................................................................2

*California Serv. Station Ass'n v. Union Oil Co.*,
 232 Cal. App. 3d 44, 57 (1991)...........................................................................11

*County of Alameda v. Fair Employment & Housing Com.*,
 153 Cal. App. 3d 499 (1984)................................................................................6

*Department of Corrections v. State Personnel Board*,
 59 Cal. App. 4th 131, 149-150 (1997) ..................................................................6

*Ellison v. Brady*,
 924 F.2d 872 (9th Cir. 1991)..............................................................................6, 7

*Fisher v. San Pedro Peninsula Hosp.*,
 214 Cal. App. 3d 590, 615 (1989)................................................................4, 6, 7

*Flait v. North American Watch Corp.*,
 3 Cal. App. 4th 467 (1992)...................................................................................3

*Fuller v. City of Oakland*,
 47 F.3d 1522, 1527 (9th Cir. 1995)......................................................................6

*Guthrey v. State of California*,
 63 Cal.App.4th 1108 (1998).................................................................................7

*Herberg v. California Institute of the Arts*,
 101 Cal. App. 4th 142 (2002).......................................................................5, 6, 7

*Ingels v. Westwood One Broadcasting Services, Inc.*,
 129 Cal. App. 4th 1050, 1060 (2005)....................................................................9

*Jones v. City of L.A.*,
 444 F.3d 1118 (9th Cir. 2006)............................................................................11

*Lazar v. Hertz Corp.*,
 69 Cal. App. 4th 1494 (1999)...............................................................................9

*Lockheed Martin Corp. v. Superior Court*,
 29 Cal.4th 1096 (2003) ......................................................................................12

ii

*McRae v. Dept. of Corrections and Rehabilitation*,
    142 Cal. App. 4th 377, 386 (2006) ..................................................................................3, 4

*Meritor Sav. Bank v. Vinson*,
    477 U.S. 57, 106 S.Ct. 2399 (1986) ................................................................................6, 7

*Miller v. Maxwell's International, Inc.*,
    991 F.2d 583 (9th Cir. 1993) ...............................................................................................8

*Reitter v. City of Sacramento*,
    87 F.Supp.2d 1040 (E.D.Cal. 2000) ....................................................................................8

*Sav-On Drug Stores, Inc. v. Superior Court*,
    34 Cal.4th 319 (2004) .......................................................................................................12

*Scripps Clinic v. Superior Court*,
    108 Cal. App. 4th 917 (2003) ............................................................................................10

*Sheffield v. Los Angeles County Dept. of Social Services*,
    109 Cal. App. 4th 153 (2003) ..............................................................................................5

*Smith v. State Farm Mutual Auto. Ins. Co.*,
    93 Cal. App. 4th 700 (2001) ................................................................................................9

*Strother v. Southern Cal. Permanente Med. Group*,
    79 F.3d 859, 869 (9th Cir. 1996) .........................................................................................3

*Sun Microsystems, Inc. v. Microsoft Corp.*,
    188 F.3d 1115 (9th Cir. 1999) ...........................................................................................11

*Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*,
    76 F.3d 692 (6th Cir. 1996) .................................................................................................2

*Weinberger v. Romero-Barcelo*,
    456 U.S. 305 (1982) ..........................................................................................................11

*Yanowitz v. L'Oreal USA, Inc.*,
    36 Cal. 4th 1028, 1054 (2005) ........................................................................................3, 4

**RULES AND STATUTES**

42 U.S.C. Section 2000e ................................................................................................................8

Bus. & Prof. Code Section 17200 .............................................................................................9, 10

Bus. & Prof. Code Section 17203 .............................................................................................9, 10

Bus. & Prof. Code Section 17204 ................................................................................................11

Cal. Civ. Code Proc. Section 382 .................................................................................................12

iii

Rule 12(b)(6) Motion To Dismiss Defendant Scott Welch; Alternative Rule 12(e) Motion;
Memorandum Of Points And Authorities    2:07-CV-00362-GEB-DAD

BERRY & PERKINS
A PROFESSIONAL CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiffs Rachel Spade ("Spade") and Rhonda Myers ("Myers") seek relief against their employer Defendant The Pepsi Bottling Group, Inc. ("PBG"), and eight co-workers, for various alleged unlawful employment practices. Of the twelve claims for relief in Plaintiffs' First Amended Complaint ("FAC"), only four are alleged against the individual co-workers, to wit: Plaintiffs' claim for retaliation in violation of the FEHA (fifth claim for relief); Plaintiffs' claim for sexual harassment under the FEHA and Title VII (sixth and eighth claims for relief); and Plaintiffs' claim for unfair business practices (eleventh claim for relief).

On May 21, 2007, co-workers Scott Papillon, Kirt Duncan, Keith "Buck" Price, Marc Perizzolo, Ronila Prasad and Richard Llado filed a motion to dismiss based on the fact that Plaintiffs' allegations, if true, are insufficient to state claims for relief under the theories alleged in Plaintiffs' FAC.[1] Defendant Scott Welch ("Welch") now moves to dismiss Plaintiffs' FAC on the same grounds, or in the alternative, moves for a more definite statement.

As with defendants Papillon, Duncan, Price, Perizzolo, Prasad and Llado, Plaintiffs' fifth, sixth, eighth and eleventh causes of action against Welch are fatally flawed and should be dismissed. Myers makes no specific allegations of conduct by Welch.  The ***only specific*** allegations against Welch are that he allegedly made three "offensive" comments to Spade at an unspecified time.  Those limited allegations, ***even if true***, fail to state a claim against him for retaliation, sexual harassment, or unfair competition. Plaintiffs' fifth, sixth, eighth and eleventh causes of action against Welch should be dismissed.

Alternatively, Welch moves for an Order pursuant to Federal Rule of Civil Procedure 12(e) requiring Plaintiffs to provide a more definite statement of Welch's alleged unlawful conduct towards them, including when Welch made the allegedly offensive comments to Spade. Welch left PBG's employ in February 2004. Accordingly, any "offensive" statements that he is alleged to have made were made more than two years before Plaintiffs' filed their charges with

---

1. The Court took that Motion under submission on June 19, 2007.

- 1 -

California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission ("EEOC") and three years before Plaintiffs initiated this action. Plaintiffs should be required to provide a more definite statement of their claims against Welch.

## II. PLAINTIFFS' FACTUAL ALLEGATIONS

Plaintiffs Spade and Myers both allege that they were subjected to discriminatory treatment, sexual harassment and retaliation by the eight named co-worker defendants during their employment at PBG. (See FAC ¶¶ 14 – 25.)  The only specific allegations against defendant Welch are from Spade, who claims that Welch told her that: (1) she "should have patches on [her] knees instead of on [her] elbows;" and that (2) "PBG's problem was diversity and that in the good old day's you used to have to earn a sales position by starting out on a truck delivering cases and now all you have to be is a minority or a woman." (FAC, ¶ 15.)  Spade also alleges that Welch said that "affirmative action would destroy Pepsi," although she does not allege that Welch made this statement to her. (*Id.*) Additionally, Spade references Welch's "derogatory comments towards women" in paragraph 16 but does not include any other details. Aside from these references, there are no other specific allegations against Welch. Plaintiff Myers makes **no** specific allegations against Welch.

## III. LEGAL ARGUMENT

### A. STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

Pursuant to Rule 12(b)(6), an action should be dismissed where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (dismissal proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory").  In ruling on a motion to dismiss, the court must (1) construe the Complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 697 (6th Cir. 1996).

This Motion does not rely upon the inability of Plaintiffs to prove their allegations. Instead, the Motion should be granted because even in the unlikely event that Plaintiffs did prove their allegations, no relief would be available as a matter of law. *See Seattle Pacific Industries, Inc. v. Melmarc Products, Inc.*, 2007 WL 397450, *1 (W.D.Wash. 2007) ("Under Rule 12(b)(6), the Court must dismiss a complaint if 'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") *citing Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

## B. PLAINTIFFS' FIFTH CLAIM FOR RELIEF FOR RETALIATION UNDER CALIFORNIA LAW FAILS TO STATE A CLAIM AGAINST WELCH

To establish a claim of retaliation under Government Code Section 12940(h), Plaintiffs must demonstrate that (1) they engaged in a "protected activity," (2) the defendants subjected them to an "adverse employment action," and that (3) a "causal link" exists between the "protected activity" and the adverse employment action. *Flait v. North American Watch Corp*., 3 Cal. App. 4th 467, 476 (1992). Plaintiffs' fifth claim for relief fails because Plaintiffs have not – and cannot – allege that Welch's conduct constituted an adverse employment action, or that there is a causal connection between Welch's comments to Spade and her complaints of harassment.

### 1. Welch's Alleged Acts Do Not Constitute An Adverse Employment Action.

An adverse employment action is an "action that substantially and materially adversely affect[s] the terms and conditions of employment." *Yanowitz v. L'Oreal USA, Inc.,* 36 Cal. 4th 1028, 1052 (2005). Not every employment decision amounts to an adverse employment action. *Strother v. Southern Cal. Permanente Med. Group*, 79 F.3d 859, 869 (9th Cir. 1996). "Minor or relatively trivial adverse actions or conduct by employers or fellow employees that, from an **objective** perspective, are reasonably likely to do no more than anger or upset an employee cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment and are not actionable…" *Yanowitz*, 36 Cal. 4th at 1054. "If every minor change in working conditions or trivial action were a materially adverse action then any action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *McRae v. Dept. of Corrections and Rehabilitation*, 142 Cal. App. 4th 377, 386 (2006)

(noting that "[w]orkplaces are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate to the level of a materially adverse employment action").

Thus, to state an actionable claim for retaliation in violation of the FEHA, "[t]he plaintiff must show the employer's retaliatory actions had a detrimental and substantial effect on the plaintiff's employment." *Id.,* at 386. "Requiring an employee to prove a substantial adverse job effect guards against both judicial micromanagement of business practices and frivolous suits over insignificant slights." *Id.* at 387. Plaintiffs' allegations against Welch are a perfect example of the relatively minor slights that courts have concluded cannot reasonably be likely to alter the terms and conditions of employment. Plaintiffs' FAC does not include any allegations that Welch was responsible for any employment decisions. Rather, the only specific allegations against Welch are that he made a few allegedly offensive comments to Spade. Welch's comments can hardly be considered to substantially and materially adversely affect the terms and conditions of Spade's employment (or that of the reasonable woman in Spade's position) to warrant holding Welch ***personally*** liable for retaliation. Indeed, Spade continues to be employed at PBG.

Although both Spade and Myers alleged that they were denied promotions and sales opportunities because they complained of harassment and discrimination, and Myers alleges that she was constructively discharged, Plaintiffs' FAC makes clear that Welch was not responsible for the alleged denied promotions or missed business opportunities. (See FAC ¶¶ 17, 23 and 24.) Additionally, Plaintiffs' general allegations that they were ostracized and treated differently by co-workers (presumably including Welch) in retaliation for their complaints also do not salvage Plaintiffs' attempts to hold Welch ***individually*** liable. Mere ostracism suffered at the hands of co-workers cannot constitute an adverse employment action. *Yanowitz*, at 1054 ("[A] mere offensive utterance or even a pattern of social slights by either the employer or co-employees cannot properly be viewed as materially affecting the terms, conditions, or privileges of employment."). *See also Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 615 (1989) ("Ostracism, of course, does not amount to a hostile environment, and no cause of action can be pled on that basis alone").

- 4 -
Rule 12(b)(6) Motion To Dismiss Defendant Scott Welch; Alternative Rule 12(e) Motion;
Memorandum Of Points And Authorities        2:07-CV-00362-GEB-DAD

Because all of the alleged acts by Welch of which Plaintiffs complain are insufficient as a matter of law to constitute an adverse employment action, Plaintiffs' fifth claim for relief against Welch is legally deficient and should be dismissed.

### 2. Plaintiffs Have Not And Cannot Plead A Causal Connection Between Their Protected Activity And Welch's Alleged Acts

Even if Welch's alleged comments were sufficient to constitute "adverse employment actions," Plaintiffs' fifth claim for relief for retaliation would still fail because Plaintiffs have not, and cannot, allege that Welch made his comments in retaliation for their alleged complaints of harassment or discrimination. Plaintiffs' FAC includes no factual allegations that Welch knew about Spade's complaints of wrongful conduct when he allegedly made his comments, or even that the allegedly offensive comments were made after Spade complained. With no allegations establishing the causal connection between Plaintiffs' alleged protected activity and Welch's alleged conduct, Plaintiffs' claim for retaliation fails.

### C. Plaintiffs' Sixth Claim For Relief Against Welch Fails Because Plaintiffs' Allegations Of Sexual Harassment, Even If True, Are Not "Sufficiently Severe Or Pervasive" To Be Actionable Under The FEHA

There are two types of actionable sexual harassment under FEHA: quid pro quo harassment and hostile work environment. *Herberg v. California Institute of the Arts*, 101 Cal. App. 4th 142, 149 (2002). A quid pro quo claim occurs when a supervisor demands sexual favors in return for a job benefit. *Id*. Plaintiffs' FAC includes no allegation of quid pro quo sexual harassment. Rather, Plaintiffs' FAC purports to state a claim for relief based on the hostile work environment theory. (FAC, ¶¶ 69 – 70.)

In order to plead a cause of action for hostile work environment sexual harassment, a plaintiff must pled that (1) she was subjected to verbal or physical conduct of a sexual nature, (2) the conduct was unwelcome, and (3) the complained of conduct was sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment. *Sheffield v. Los Angeles County Dept. of Social Services*, 109 Cal. App. 4th 153 (2003). In deciding hostile work environment cases, most courts focus on the third element of the

1  prima facie case – i.e., whether the complained of conduct was sufficiently severe or pervasive so
2  as to alter the conditions of employment and create an abusive work environment.

3  Not all workplace conduct that may be described as harassment affects a term, condition,
4  or privilege of employment. *Department of Corrections v. State Personnel Board*, 59 Cal. App.
5  4th 131, 149-150 (1997) *quoting Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399
6  (1986). In assessing whether the harassment is sufficiently severe or pervasive under the FEHA,
7  courts look to the totality of the circumstances alleged, viewing the conduct from both a
8  subjective and **objective** perspective. *Herberg*, 101 Cal. App. 4th at 149-150; *Fuller v. City of*
9  *Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (The working environment must both subjectively
10 and objectively be perceived as abusive); *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991)
11 ("[A] female plaintiff states a prima facie case of hostile environment sexual harassment when
12 she alleges conduct which a reasonable woman would consider sufficiently severe or pervasive to
13 alter the conditions of employment and create an abusive working environment.")[2]

14 Thus, in order to make a prima facie case of hostile work environment sexual harassment,
15 a plaintiff must prove that conduct was sufficiently serious that it (1) would have interfered with a
16 reasonable employee's work performance; (2) would have seriously affected the psychological
17 well-being of a reasonable employee; and (3) that the Plaintiffs were actually offended. *Id. citing*
18 *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 606-610 (1989). Factors to be
19 considered in evaluating the totality of the circumstances include (1) the nature of the unwelcome
20 sexual acts or words (with physical touching generally considered more offensive than mere
21 words); (2) the frequency of the offensive acts or encounters; (3) the total number of days over
22 which all the offensive conduct occurred; and (4) the context in which the sexually harassing
23 conduct occurred. *Herberg*, 101 Cal. App. 4th at 150 *citing Fisher*, 214 Cal. App. 3d at 606-610

---

24 2. In analyzing sexual harassment claims under FEHA, courts have historically looked to federal decisions regarding sexual harassment claims brought under Title VII of the Civil Rights Act of
25 1964. *Fisher*, 214 Cal. App. 3d at 606. The court in *Fisher* noted that the anti-discriminatory objectives and the overriding public policy purposes of FEHA and Title VII were identical. *Id.*
26 *citing County of Alameda v. Fair Employment & Housing Com.*, 153 Cal. App. 3d 499, 504 (1984). See also, *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (recognizing
27 that Title VII and FEHA operate under the same guiding principles and analyzing FEHA action under federal law).
28

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1  (emphasis added).

2  Looking at the totality of the circumstances, Plaintiffs' allegations are insufficient as a matter of law to state a cause of action for hostile work environment against Welch. Plaintiffs' FAC contains only three "offensive" comments allegedly made by Welch. While a single incident of harassment may sometimes be sufficient to establish liability for sexual harassment, courts have uniformly held that in order to be actionable, that single incident must be "severe in the extreme and generally must include either physical violence or the threat thereof." *Herberg*, at 151 *citing Ellison v. Brady*, *supra*. Welch's stray comments simply do not meet this standard. *Ellison,* 974 F.2d at 876 *quoting Meritor*, 477 U.S. at 67. (The "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee" is not, by itself, actionable).

Indeed, "[b]ecause only the employer can change the terms and conditions of employment, an isolated incident of harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that sexual harassment has become a permanent feature of the employment relationship." *Brooks*, 229 F.3d at 924. See also, *Fisher*, 214 Cal. App. 3d at 609 ("In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature"); *Guthrey v. State of California*, 63 Cal.App.4th 1108, 1123 (1998) (same). Even "unwelcome sexual touching is insufficient to constitute severe or pervasive harassment when the incidents are isolated and there is no violence or threat of violence." *Herberg*, 101 Cal. App. 4th at 149, 153.

There is no allegation that Welch ever engaged in any physical harassment against Plaintiffs or threatened physical violence against them. The only allegations against Welch are that at some time after mid-2002, he allegedly told Spade that she should have patches on her knees instead of her elbows and made two remarks regarding affirmative action. These comments are not sufficiently pervasive or severe so as to alter the conditions of Spade's employment and create an abusive work environment. No specific allegations about Welch are made by Myers. Thus, looking at the totality of the circumstances, Plaintiffs' allegations of alleged harassment by Welch are insufficient to support a claim for sexual harassment. Plaintiffs' sixth claim for relief

BERRY & PERKINS
A PROFESSIONAL CORPORATION

against Welch should be dismissed.

## D. PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR SEXUAL HARASSMENT (TITLE VII) FAILS TO STATE A CLAIM BECAUSE TITLE VII DOES NOT IMPOSE LIABILITY ON EMPLOYEES FOR ALLEGED UNLAWFUL EMPLOYMENT PRACTICES

Plaintiffs' eighth claim for relief for sexual harassment based on Title VII, 42 U.S.C. Section 2000e, et seq. fails as a matter of law against defendant Welch because there can be no individual liability under Title VII. *Miller v. Maxwell's International, Inc*., 991 F.2d 583, 587 (9th Cir. 1993) . In *Miller*, plaintiff filed suit against her employer and six co-workers alleging claims for sex discrimination in violation of Title VII among other causes of action. The trial court's dismissal of the cause of action based on Title VII against the individual defendants was affirmed on appeal. The court reasoned that since Title VII is specifically limited to employers with 15 or more employees, Congress could not have intended Title VII to apply to employees in their individual capacity. *Id.* at 587.

While the Eastern District has expressed disapproval of the Ninth Circuit's interpretation of Title VII, such disapproval has been expressed in *dicta* only. *Reitter v. City of Sacramento*, 87 F.Supp.2d 1040 (E.D.Cal. 2000) and *Ostrach v. Regents of Univ. of Cal.*, 957 F.Supp. 196 (E.D.Cal. 1997)) Neither *Reitter* nor *Ostrach* reached holdings that were contrary to the holding in *Miller*. *Ostrach*, 957 F.Supp. at 200 ("having noted my disagreement with both the principle and its rationale, it goes without saying that this court is bound by the Circuit's ruling and must apply it."). Thus, *Miller's* holding that there can be no individual liability under Title VII remains the law in this Circuit.  Plaintiffs' attempt to hold defendant Welch individually liable for sexual harassment under Title VII is, therefore, fatally flawed. Plaintiff's eighth cause of action for sexual harassment under Title VII must be dismissed.

## E. PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM

Plaintiffs' eleventh claim for relief against Welch for alleged unfair business practices is also without merit. Because Plaintiffs' claims against Welch under the FEHA and Title VII are not actionable, and because the alleged conduct by Welch cannot reasonably be called an unfair

"business practice" which can be remedied with an injunction or restitution, Plaintiffs' eleventh claim for relief fails as a matter of law. Recognizing the futility of their attempts to hold the individual defendants liable for violations of Section 17200, Plaintiffs voluntarily agreed to dismiss defendants Papillon, Perizzolo, Price, Duncan, Prasad and Llado from this claim for relief. Defendant Welch now seeks a dismissal on the same grounds.

### 1. Plaintiffs' Attempts To "Borrow" From The FEHA Or Title VII To State A Claim For Relief Under Bus. & Prof. Code Section 17200 Is Without Merit.

Section 17200 prohibits unfair competition in the form of any unlawful, unfair, fraudulent business practice or any unfair, deceptive, untrue or misleading advertising, as well as any act prohibited by Business & Professions Code Sections 17500-17577.5. Bus. & Prof. C. Section 17203. Plaintiffs' eleventh cause of action sought to hold Welch individually liable under Section 17200 for violating the FEHA and Title VII by allegedly sexually harassing, allowing sexual harassment, and/or retaliating against Plaintiffs. (FAC, 99(a) and (b)).

California courts have defined an "unlawful business activity" as "anything that can properly be called a business practice and that at the same time is forbidden by law." *Smith v. State Farm Mutual Auto. Ins. Co.*, 93 Cal. App. 4th 700, 717-18 (2001). Because almost any law can serve as a predicate for Section 17200, courts have found that Section 17200 "borrows violations of other laws and treats them as 'unlawful' practices independently actionable under the unfair competition law." *Id.*, at 718. Where, as here, a plaintiff seeks to impose liability under Section 17200 by borrowing from another federal and state law, it stands to reason that no liability under Section 17200 can be imposed where the alleged conduct is not itself actionable under the borrowed state or federal law. *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under Section 17200 for committing 'unlawful business practices' without having violated another law."); *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). As shown above, all of Plaintiffs' claims against Welch are fatally deficient. Thus, any attempts by Plaintiffs to "borrow" from the FEHA or Title VII must fail.

**2. Plaintiffs' Cannot State A Claim Based On A Substantive Violation Of Section 17200.**

Unable to rely on a violation of another statute, Plaintiffs' Section 17200 also fails for substantive reasons. Although, the reach of Section 17200 is purposefully broad "to permit courts to restrain dishonest or unfair business dealings, the scope of the law is not unlimited." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 938 (2003). The conduct complained of must constitute a "business practice" to be covered by Section 17200, and it must constitute unfair competition.

While Section 17200 does not define a "business practice" and no California court has yet provided a precise definition for the term under Section 17200, isolated comments of the type alleged by Plaintiffs can hardly be defined as business practices under even the most expansive definition. Black's Law Dictionary defines "business" as "a commercial enterprise carried on for profit, a particular occupation or employment habitually engaged in for livelihood or gain." *Black's Law Dictionary*, 7th Edition. An examination of Welch's alleged conduct underscores the fact that none of Welch's alleged conduct can possibly be called a "business practice." Indeed, it seems nonsensical to argue that the alleged isolated comments by Welch can in and of themselves constitute business practices.

The impracticability of applying Section 17200 to Welch's alleged conduct is further highlighted by the fact that Section 17200 provides no remedy for the alleged harm Plaintiffs may have suffered by Welch's alleged conduct. The only remedies available under Section 17200 are restitution and injunctive relief. Bus. & Prof. Code Section 17203. Damages are not recoverable under a Section 17200 claim. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992). Neither restitution nor injunctive relief is appropriate here.

Plaintiffs have not alleged that they suffered any loss of money or property as a result of the isolated by Welch, or that Welch gained any profit by making allegedly off-color remarks to Spade. Because Welch gained nothing from their alleged acts or omissions, restitution cannot be an appropriate remedy – there is nothing to restore to Plaintiffs.

Injunctive relief is also unavailable here. Injunctive relief requires a showing of both

irreparable injury and inadequacy of plaintiffs' legal remedies. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). In order to obtain injunctive relief, "a plaintiff is required to demonstrate a real and immediate threat of future injury. The key issue is whether the plaintiff is 'likely to suffer future injury.'" *Jones v. City of L.A.*, 444 F.3d 1118, 1126 (9th Cir. 2006). There is no such threat as to Welch. With regard to Myers, Myers has not alleged that she was subjected to any offensive comments by Welch. Even if she had, Myers, by her own admission, is no longer employed at PBG. As such, she is in no danger of having Welch make any 'offensive' comments to her in the workplace. No injunction is necessary to protect Myers from Welch.

While Spade is still employed at PBG, she has not alleged – because she cannot – that Welch has continued to make "offensive" comments to her. Indeed, any such allegation would be sanctionable given the fact that Welch has not been employed at PBG since early 2004. Accordingly, Spade is in no danger – let alone immediate danger – that Welch will make any "offensive" comments in the workplace again.

With no threat that the complained of conduct will recur, Plaintiffs' request for injunctive relief must fail. *California Serv. Station Ass'n v. Union Oil Co.*, 232 Cal. App. 3d 44, 57 (1991) (the general rule is that "injunctive relief will be denied if at the time of the order or judgment, there is no reasonable probability that the past acts complained of will recur, i.e., where the defendant voluntarily discontinues the wrongful conduct"); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999) ("Under California law [Bus. & Prof. C. Section 17200], a plaintiff cannot receive an injunction for past conduct unless he shows that the conduct will probably recur.")

**3. Plaintiffs Have Not Alleged Sufficient Facts To Enable Them To Sue Welch On Behalf Of A Putative Class.**

Plaintiffs also purport to bring a representative action on behalf of themselves and all other current and former employees of PBG against Welch for unfair competition. (FAC, ¶ 103) Before Plaintiffs can bring a representative action on behalf of themselves and others, they must first show that they have "suffered injury in fact" and "lost money or property as a result of such unfair competition." See Bus. & Prof. C. 17204. Plaintiffs must also meet the class action

- 11 -

requirements of Cal. Civ. C. Proc. Section 382, i.e., Plaintiffs must "establish the existence of both an ascertainable class and a well-defined community of interest among class members." *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319 (2004) *citing Lockheed Martin Corp. v. Superior Court*, 29 Cal.4th 1096, 1104 (2003). "The 'community of interest' requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; (3) class representatives who can adequately represent the class." *Id.*

As noted above, Plaintiffs cannot show that they have suffered a loss of any money or property as a result of Welch's alleged conduct. As such, Plaintiffs do not have standing to assert a representative action under Section 17200. Even if they could, Plaintiffs cannot establish either an ascertainable class or a well-defined community of interest among class members with regard to their claims against Welch. Plaintiffs have not alleged – and cannot allege – that Welch made similar comments to any other PBG employees. Accordingly, any attempt by Plaintiff to bring a class action based on allegations against Welch must fail.

## F. PLAINTIFFS' FAC AGAINST WELCH IS SO VAGUE AND AMBIGUOUS THAT WELCH CANNOT FRAME A RESPONSE WITHOUT A MORE DEFINITE STATEMENT.

In the alternative, Welch moves for an Order requiring Plaintiffs to provide a more definite statement of Welch's alleged unlawful conduct towards them. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement where, as here, the "pleading … is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." As noted above, Plaintiffs are seeking to hold Welch individually liable for retaliation, sexual harassment and unfair business practices even though Welch stopped working at PBG in February 2004, and as a result, could not possibly have engaged in any alleged unlawful employment practices within the limitations periods of the FEHA or Title VII. Indeed, both the FEHA and Title VII have limitations periods of one year or less. Plaintiff Myers makes no specific allegations at all as to Welch. Accordingly, to the extent Plaintiffs contend that they

have a case against Welch, Welch requires a more definite statement before he can reasonably frame a response.

## IV. CONCLUSION

For each of the foregoing reasons, Defendant Scott Welch respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice. Alternatively, Welch respectfully requests that the Court enter an Order pursuant to Federal Rule of Civil Procedure 12(e) requiring Plaintiffs to provide a more definite statement of Welch's alleged unlawful conduct towards them.

DATED: June 28, 2007

Respectfully submitted,

BERRY & PERKINS, P.C.

By /s/ *James H. Berry, Jr.*
James H. Berry, Jr.
Attorneys for Defendant
SCOTT WELCH