Wilke, Fleury, Hoffelt, Gould & Birney, LLP
Kelli M. Kennaday, Bar No. 155153
kkennaday@wilkefleury.com
Craig A. Carnes, Bar No. 238054
ccarnes@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA  95814

Telephone:   (916) 441-2430
Facsimile:   (916) 442-6664
E-mail:      kkennaday@wilkefleury.com

Attorneys for Defendant
RAY MEEK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SPADE and RHONDA MYERS,<br><br>Plaintiffs,<br><br>v.<br><br>PEPSI BOTTLING GROUP, INC.; RAY MEEK; MARK PERIZOLO; SCOTT WELCH, BUCK PRICE, KIRT DUNCAN; SCOTT PAPILLION; RONILLA PRASAD; and RICHARD LLADO,<br><br>Defendants. | Case No.  2:07-CV-00362-GEB-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAY MEEK'S MOTION TO DISMISS**<br><br>[F.R.C.P. 12(b)(6)]<br><br>Date:   August 6, 2007<br>Time:   9:00 a.m.<br>Ctrm:   10<br>Judge:  Hon. Garland E. Burrell, Jr. |

## INTRODUCTION

This is an employment case in which Plaintiffs have sued Pepsi Bottling Group, Inc. (PBG), alleging twelve (12) different claims for relief. In addition to Pepsi Bottling Group, Inc., Plaintiffs have named eight (8) of their co-workers as Defendants in this matter, including Defendant Meek. Four (4) of Plaintiffs' twelve (12) claims are directed against Defendant Meek: Plaintiffs' fifth claim for retaliation in violation of FEHA; Plaintiffs' sixth claim for sexual harassment in violation of FEHA; Plaintiffs' eighth claim for sexual harassment in violation of Title VII; and Plaintiffs' eleventh claim for unfair business practices.  Defendant Meek hereby

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP   ATTORNEYS AT LAW

295720.1   - 1 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAY MEEK'S MOTION TO DISMISS 2:07-CV-00362-GEB-DAD

moves to dismiss Plaintiffs' eighth claim for sexual harassment in violation of Title VII and Plaintiffs' eleventh claim for unfair business practices on the grounds that the First Amended Complaint fails to state a claim for either violation of Title VII or unfair business practices against Defendant Meek.

## STATEMENT OF FACTS

Plaintiffs are a current and a former employee of Pepsi Bottling Group. According to Plaintiffs' First Amended Complaint, Defendant Meek sexually harassed Plaintiffs and retaliated against them. Based upon these allegations, Plaintiffs seek to hold Defendant Meek liable for sexual harassment in violation of Title VII and California's unfair business practices law. As a matter of law, however, Plaintiffs cannot state a claim against Defendant Meek for violation of Title VII because Title VII does not impose liability on individuals for alleged unlawful employment practices. Moreover, with respect to Plaintiffs' unfair business practices claim, Plaintiffs have not alleged a right against Defendant Meek to the only remedies available to them under this claim: injunctive relief or restitution. Indeed, Plaintiffs have already agreed to voluntarily dismiss this claim as to Defendant Meek.

## LEGAL ARGUMENT

### I. STANDARD FOR GRANTING A MOTION TO DISMISS

Pursuant to Rule 12(b)(6), a claim should be dismissed where the complaint fails to state a cognizable legal theory. Fed.R.Civ.P. 12(b)(6); see Ballistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (dismissal proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory"). In ruling on a motion to dismiss, the Court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996); Vector Research, Inc. v. Howard & Howard Attorneys, P.C., 75 F.3d 692, 697 (6th Cir. 1996). Even accepting all of Plaintiffs' well-pleaded factual allegations as true, Plaintiffs' cannot state a cognizable legal claim for either a violation of Title VII or unfair business practices as against Defendant Meek.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

295720.1    - 2 -    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAY MEEK'S MOTION TO DISMISS 2:07-CV-00362-GEB-DAD

## II. PLAINTIFFS' EIGHTH CLAIM FOR SEXUAL HARASSMENT UNDER TITLE VII FAILS TO STATE A CLAIM BECAUSE TITLE VII DOES NOT IMPOSE LIABILITY ON INDIVIDUALS FOR ALLEGED UNLAWFUL EMPLOYMENT PRACTICES

Plaintiffs' eighth claim for relief for sexual harassment based on Title VII, 42 U.S.C. section 2000e, et seq. fails as a matter of law against Defendant Meek because there can be no individual liability under Title VII. Miller v. Maxwell's International, Inc., 991 F.2d 583, 587 (9th Cir. 1993).

In Miller, plaintiff filed suit against her employer and six co-workers alleging claims for sex discrimination in violation of Title VII, among other causes of action. The trial court's dismissal of the Title VII claim against the individual defendants was affirmed on appeal. The court reasoned that since Title VII is specifically limited to employers with fifteen (15) or more employees, Congress could not have intended Title VII to apply to employees in their individual capacity. Id. at 587.

Plaintiffs' attempt to hold Defendant Meek individually liable for sexual harassment under Title VII is, therefore, fatally flawed. Plaintiffs' eighth claim for sexual harassment under Title VII must be dismissed as against Defendant Meek.

## III. PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF FAILS TO STATE A CLAIM AGAINST DEFENDANT MEEK

Plaintiffs' claim against Defendant Meek for violation of California Business & Professions Code section 17200 fails to state any cognizable legal theory upon which relief may be granted.[1] Section 17200 provides no remedy for the alleged harm Plaintiffs claim to have suffered by Defendant Meek's conduct. The only remedies available under section 17200 are restitution and injunctive relief. Bus. & Prof. Code § 17203. Damages are not recoverable under a section 17200 claim. Bank of the West v. Superior Court, 2 Cal.4th 1254, 1266 (1992). Plaintiffs have not pled a right to either restitution or injunctive relief against Defendant Meek in their First Amended Complaint.

First, Plaintiffs have not (and cannot) sufficiently plead a claim for injunctive relief as to

---

[1] On May 23, 2007, Plaintiffs voluntarily agreed to dismiss their eleventh claim as against Defendant Meek. (Declaration of Kelli M. Kennaday, ¶ 2.)

Defendant Meek. Federal courts have repeatedly held that such relief requires a showing of both irreparable injury and the inadequacy of Plaintiffs' legal remedies. <u>Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 312 (1982). In order to obtain injunctive relief, "a plaintiff is required to demonstrate a real and immediate threat of future injury. The key issue is whether the plaintiff is 'likely to suffer future injury.'" <u>Jones v. City of L.A.</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). Here, there is no allegation that Defendant Meek is still employed by PBG and such an allegation cannot be made given that it is factually inaccurate. Thus, Plaintiffs have not (and cannot) properly plead that there is a real and immediate threat of future injury from Defendant Meek. Further, even if Defendant Meek was still employed by PBG, Plaintiff Myers's claim for injunctive relief is improper given that she is admittedly no longer employed by PBG. (FAC, ¶ 29.)

Plaintiffs also have not (and cannot) plead a claim for restitutionary relief as against Defendant Meek. The only allegations in the Complaint relating to any restitutionary relief focus on the alleged unequal pay that Plaintiffs received. However, Plaintiffs were employed and paid by PBG, not Defendant Meek, and he thus did not unlawfully or unfairly obtain anything from Plaintiffs that requires disgorgement. This point is demonstrated by the fact that Plaintiffs' claims for unequal pay are only asserted against PBG. (FAC, pp. 18-19.)

Because Plaintiffs cannot state a claim for injunctive or restitutionary relief against Defendant Meek, they cannot state a claim for unfair business practices against Defendant Meek. Therefore, Plaintiffs' eleventh claim for injunctive relief against Defendant Meek must be dismissed.

## CONCLUSION

Based on the foregoing, Defendant Meek respectfully requests that the Court grant his Motion to dismiss Plaintiffs' eighth and eleventh claims against him.

DATED: June 28, 2007

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: /s/ Kelli M. Kennaday
KELLI M. KENNADAY
Attorneys for Defendant RAY MEEK