IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACHEL SPADE and RHONDA MYERS,      )
                                    )      2:07-cv-362-GEB-DAD
                 Plaintiffs,        )
                                    )
       v.                           )      ORDER*
                                    )
PEPSI BOTTLING GROUP, INC.; RAY     )
MEEK; MARK PERIZOLO; SCOTT WELCH;   )
BUCK PRICE; KIRT DUNCAN; SCOTT      )
PAPILLION; RONILLA PRASAD; and      )
RICHARD LLADO,                      )
                                    )
                 Defendants.        )
_____)

          Defendants Mark Perizolo ("Perizolo"), Buck Price ("Price"),

Kirt Duncan ("Duncan"), Scott Papillion ("Papillion"), Ronilla Prasad

("Prasad"), and Richard Llado ("Llado") move under Federal Rule of

Civil Procedure ("Rule") 12(b)(6), to dismiss all claims against them

in Plaintiffs' First Amended Complaint ("Complaint").  (Mot. at 1:14-

15, 17:14-17.)  Plaintiffs oppose the motion.

///

///

_____

          *    This matter was determined to be suitable for decision without
oral argument.  L.R. 78-230(h).

1

<u>FACTUAL ALLEGATIONS IN PLAINTIFFS' COMPLAINT</u>

1

2          Plaintiff Rachel Spade ("Spade") is an employee of Defendant

3    Pepsi Bottling Group, Inc. ("Pepsi").  (Complaint ¶¶ 1, 15-17.)

4    Beginning in August 2002, and continuing to the present, Spade was

5    subjected to sexual jokes, statements, and actions, and comments

6    derogatory to women.  (<u>Id.</u> ¶¶ 14, 15.)  These acts and statements

7    include, but are not limited to: "Perizolo commenting about the

8    placement of a vending machine [near Spade] saying 'now that's

9    diversity at work'"; and "Price asking Spade 'I hope you don't take

10   this the wrong way, but why aren't you in the office with the rest of

11   the other women, why would you want to do this hard job?'"  (<u>Id.</u>)

12         Plaintiff Rhonda Myers ("Myers") was an employee of

13   Defendant Pepsi.  (<u>Id.</u> ¶¶ 2, 18-25.)  Beginning in April 2002, and

14   continuing through July 2006, Myers was subjected to sexual jokes,

15   statements and actions, and numerous derogatory comments about her

16   gender.  (<u>Id.</u> ¶¶ 14, 18.)  These acts and statements include, but are

17   not limited to: "Duncan mak[ing] inappropriate comments followed

18   quickly by 'oh I better be careful someone might report me to HR,'"

19   and when asked if he was referring to Myers, merely laughing at her;

20   Papillion routinely talking about his "lack of respect for women,

21   blacks, and gay men," referring to women as "bitches and cunts," and

22   postulating that one of his sales representatives was a homosexual by

23   saying he "writes in purple" and was a "cigar or pole smoker."

24   (<u>Id.</u> ¶¶ 21, 25.)

25          Prasad, Pepsi's Human Resources Manager, allowed these

26   sexual jokes, statements, and actions to take place in her presence.

27   (<u>Id.</u> ¶ 14.)  At one point, Spade attempted to raise these concerns

28   with Llado, a management employee, "who cut her off and said 'I hear

1   the same thing out of Rhonda in Reno and frankly, I am sick of it!'"

2   (<u>Id.</u> ¶ 16.)   Myers complained about this treatment on multiple

3   occasions, but was ignored and labeled a "complainer."  (<u>Id.</u> ¶ 21.)

4   Following Spade and Myers' complaints, both were ignored at meetings,

5   ostracized, and denied promotional opportunities.  (<u>Id.</u> ¶¶ 17, 22, 23,

6   28.)   As a result of this continuing course of conduct, Myers was

7   forced to quit her position with Pepsi in July 2006.  (<u>Id.</u> ¶ 29.)

8           On July 17, 2006, and September 28, 2006, Plaintiffs filed

9   complaints of harassment, discrimination and retaliation with the

10  California Department of Fair Employment and Housing ("DFEH") and the

11  United States Equal Employment Opportunity Commission ("EEOC"),

12  respectively, and received "right to sue" letters from both.[1]  (<u>Id.</u> ¶

13  31.)   Subsequently, on April 26, 2007, Plaintiffs filed a First

14  Amended Complaint against Pepsi, as well as eight Pepsi employees and

15  managers, alleging twelve causes of action.  (<u>Id.</u> ¶¶ 32-113.)   Only

16  four of those twelve claims are directed against Duncan, Prize,

17  Perizolo, Llado, and Papillion and only two are directed against

18  Prasad.  Plaintiffs allege that Duncan, Price, Perizolo, Llado, and

19  Papillion are liable for: relation in violation of the California Fair

20

21  _____

22      [1]   Defendants ask this court to take judicial notice of Myers'
    complaints to DFEH and EEOC.  (Req. for Judicial Notice Exs. A, B.)  In
23  general, the court may not consider material other than the facts
    alleged in the complaint when deciding a motion to dismiss.  <u>Anderson v.</u>
24  <u>Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).   However, the court may
    consider materials of which it may take judicial notice, including
25  matters of public record.  <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d
    646, 649 (9th Cir. 1988); Fed. R. Evid. 201(b) (defining the scope of
26  judicial notice); <u>see</u> <u>also</u> <u>Mack v. S. Bay Beer Distribs.</u>, 798 F.2d 1279,
    1282 (9th Cir. 1986), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Astoria Fed. Sav. &</u>
27  <u>Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991) ("A court may take judicial
    notice of 'records and reports of administrative bodies.'") (quoting
28  <u>Interstate Natural Gas Co. v. S. Cal. Gas Co.</u>, 209 F.2d 380, 385 (9th
    Cir. 1953)).  Accordingly, these two exhibits will be considered.

Employment and Housing Act ("FEHA"), California Government Code section 12940(k) (fifth claim for relief); sexual harassment in violation of FEHA (sixth claim for relief); sexual harassment in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* (eighth claim for relief); and unfair business practices, California Business and Professions Code section 17200 *et seq.* (eleventh claim for relief). Plaintiffs allege that Prasad is liable for retaliation in violation of FEHA (fifth claim for relief) and unfair business practices (eleventh claim for relief).  Duncan, Price, Perizolo, Llado, Papillion, and Prasad now move to dismiss all claims against them.

DISCUSSION

Dismissal is appropriate under Rule 12(b)(6) if Plaintiffs fail to (i) present a cognizable legal theory in their Complaint, or (ii) plead sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  To survive a motion to dismiss, Plaintiffs need to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). When considering a motion to dismiss, all material allegations in the Complaint must be accepted as true and construed in the light most favorable to Plaintiffs.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Plaintiffs are given the benefit of every reasonable inference that can be drawn from the allegations in the Complaint.  Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  In addition, the district court must "assume that all general allegations embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994)

4

1 (citing <u>Lujan v. Nat'l Wildlife Fed.</u>, 497 U.S. 871, 889 (1990);

2 <u>Abramson v. Brownstein</u>, 897 F.2d 389, 391 (9th Cir. 1990)).

3 <u>I.   Retaliation in Violation of FEHA (Fifth Claim for Relief)</u>

4         To establish a claim for retaliation in violation of FEHA,

5 Plaintiffs must show that (i) they engaged in a protected activity;

6 (ii) they were subjected to an adverse employment action; and (iii)

7 there was a causal link between the protected activity and the adverse

8 action.  <u>Taylor v. City of Los Angeles Dep't of Water & Power</u>, 144

9 Cal. App. 4th 1216, 1229 (2006) (citing <u>Flait v. N. Am. Watch Corp.</u>, 3

10 Cal. App. 4th 467, 476 (1992)).  Defendants argue that Plaintiffs'

11 claim for retaliation under FEHA must fail "because their allegations

12 do not satisfy the second or third elements of a prima facie claim for

13 retaliation."  (Mot. at 4:25-26.)

14         A.   Adverse Employment Action

15         Defendants argue under the second element that none of their

16 conduct constituted an "adverse employment action" because

17 "Plaintiffs' allegations against the Moving Defendants are . . .

18 relatively minor slights that . . . cannot reasonably be likely to

19 alter the terms and conditions of employment."  (<u>Id.</u> at 5:21-23.)

20 Defendants, however, misstate the standard for what constitutes an

21 "adverse employment action."  The Ninth Circuit has adopted a "broad[]

22 deterrence test which . . . views adverse action as 'any adverse

23 treatment that is based on a retaliatory motive and is reasonably

24 likely to deter the charging party or others from engaging in

25 protected activity.'"  <u>Taylor</u>, 144 Cal. App. 4th at 1230 (quoting <u>Ray</u>

26 <u>v. Henderson</u>, 217 F.3d 1234, 1242-1243 (9th Cir. 2000)).  The

27 Complaint alleges specific examples of inappropriate comments, stating

28 the actions "include, but were not limited to" those examples; as well

1   as allegations that Defendants engaged in a pattern of inappropriate

2   conduct. (Complaint ¶¶ 15, 17, 18, 21-24.) The Complaint further

3   alleges that following Plaintiffs' complaints about the inappropriate

4   conduct, they were "ostracized," "denied promotional opportunities,"

5   and "ignored during staff meetings." (Id. ¶¶ 17, 21-24.) The truth

6   or strength of these allegations need not be determined at this stage.

7   See Cahill, 80 F.3d at 337-38 (on a motion to dismiss, all material

8   allegations are accepted as true). It is sufficient to note that such

9   allegations undoubtedly encompass "adverse treatment" that could deter

10   Plaintiffs from making subsequent complaints.

11                 B.  Causal Link Between Activity and Adverse Action

12         Defendants argue under the third element that Plaintiffs

13   have not alleged "that any of the conduct of which they complain was

14   done in retaliation for their alleged complaints of harassment or

15   discrimination." (Mot. at 7:26-27.) This contention is plainly

16   contradicted by the Complaint, wherein Spade alleges that "[f]ollowing

17   her complaint, Spade was ostracized and denied promotional

18   opportunities." (Complaint ¶ 17.) Further, the Complaint alleges

19   that "Myers complained on multiple occasions, each time being ignored

20   or labeled 'the complainer' [or] ridiculed for complaining to her

21   manager," and "[f]ollowing Myers' complaints . . . Meek and others

22   began retaliating against Myers [including] ignor[ing her] during

23   staff meetings and generally ostraciz[ing her]." (Id. ¶¶ 21, 23.)

24         Defendants focus their attack on Plaintiffs' purported

25   failure to allege specific facts which might be necessary to

26   ultimately prevail on their claim (i.e. that the Complaint contains

27   "no factual allegations that Price, Perizolo or Papillion knew about

28   Plaintiffs' complaints" or that "Duncan's alleged retaliatory comment

1  in May 2002 occurred" years prior to their complaints).

2  (Mot. at 7:28-8:5.)  Defendants, however, have overstated the burden

3  that Plaintiffs must meet to survive a motion to dismiss.  <u>Peloza</u>, 37

4  F.3d at 521.  For the purposes of the present motion, Plaintiffs have

5  raised numerous specific and general allegations of Defendants'

6  improper conduct, and have further alleged that conduct was

7  retaliation for Plaintiffs' complaints.  Therefore, Plaintiffs'

8  allegations of retaliation are sufficient to withstand Defendants'

9  motion, and Defendants' motion to dismiss Plaintiffs' fifth claim for

10  relief is denied.

11  <u>II.  Sexual Harassment in Violation of FEHA (Sixth Claim for Relief)</u>

12        Defendants also seek dismissal of Plaintiffs' respective

13  sexual harassment claims asserted under FEHA.  A claim of sexual

14  harassment under FEHA requires Plaintiffs to show that i) they were

15  subject to verbal or physical conduct of a sexual nature, ii) the

16  conduct was unwelcome, and iii) the complained of conduct was

17  sufficiently severe or pervasive so as to alter the conditions of

18  their employment and create an abusive working environment.  <u>Sheffield</u>

19  <u>v. Los Angeles County Dep't of Soc. Servs.</u>, 109 Cal. App. 4th 153

20  (2003); <u>Guthrey v. State of Cal.</u>, 63 Cal. App. 4th 1108 (1998).

21  Defendants do not challenge the first two elements, but argue that the

22  conduct alleged by Plaintiffs is "not sufficiently pervasive or severe

23  so as to alter the conditions of Plaintiffs' employment and create an

24  abusive work environment."  (Mot. at 11:6-7.)

25        Defendants contend that to satisfy this element, each

26  "plaintiff must show a concerted pattern of harassment of a repeated,

27  routine or a generalized nature."  (Mot. at 10:17-20) (quoting <u>Fisher</u>

28  <u>v. San Pedro Peninsula Hosp.</u>, 214 Cal. App. 3d 590, 609 (1989)).)

Defendants argue that the Complaint contains only one specific factual example of harassing conduct by each of the Defendants, and this is insufficient as a matter of law.  (Mot. at 10:3-11.)  However, Plaintiffs have alleged a pattern of pervasive and repeated sexual harassment by multiple Pepsi employees spanning over four years. (See Complaint ¶¶ 14 ("Prasad allowed sexual jokes, statements, and actions that were demeaning to women to take place in her presence"); 15 ("the acts and statements include, but are not limited to"); 18 ("numerous derogatory comments . . . included, but were not limited to")).  Accordingly, Defendants Perizolo, Price, Duncan, Papillon and Prasad's motion to dismiss Plaintiffs' sixth claim for relief is denied.

Defendant Llado argues he cannot be held personally liable for Plaintiffs' sixth claim of alleged sexual harassment under FEHA because Plaintiffs do not allege that Llado ever "personally engaged in harassing behavior."  (Mot. at 11:22-24.)  The extent of Plaintiffs' allegations against Llado are that when Spade raised her concerns with Llado, he "cut her off and said 'I hear the same thing out of Rhonda in Reno and frankly, I am sick of it.'"  (Complaint ¶ 16.)  Since "a supervisory employee is not personally liable under FEHA . . . for failing to take action to prevent the sexual harassment of a subordinate employee," Llado's motion to dismiss Plaintiffs' sixth claim for relief against him is granted.  Fiol v. Jon Doellstedt, 50 Cal. App. 4th 1318, 1326 (1996).  If Plaintiffs can allege facts which would cure the deficiencies stated herein, Plaintiffs shall have ten days from the date this order is filed within which to amend their sixth claim for relief against Llado.

III.   Sexual Harassment in Violation of Title VII (Eighth Claim for Relief)

Defendants also argue that Plaintiffs' eighth claim for sexual harassment against Defendants Duncan, Price, Perizolo, Llado and Papillion under 42 U.S.C. §§ 2000e *et seq.* fails as a matter of law because there can be no *individual* liability under Title VII. (Mot. at 12:25-13:13.)   Indeed, the Ninth Circuit has unequivocally held that "individual defendants cannot be held liable for damages under Title VII." Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993).   Therefore, Defendants Duncan, Price, Perizolo, Llado, and Papillion are dismissed as Defendants in Plaintiffs' eighth claim for relief.

IV.   Unfair Business Practices (Eleventh Claim for Relief)

Defendants also seek dismissal of Plaintiffs' eleventh claim, which is alleged under California Business and Professions Code section 17200 *et seq.*   Plaintiffs agree in their Opposition to voluntarily dismiss moving Defendants from this claim.   (Opp'n at 11:26-27.)   Therefore, Defendants Duncan, Price, Perizolo, Llado, Papillion, and Prasad are dismissed as Defendants in Plaintiffs' eleventh claim for relief.

V.    Time Bar as to Duncan

Defendant Duncan argues that all of Plaintiffs' claims against him must be dismissed because they are "barred by the statutes of limitation applicable to [] FEHA [and] Title VII." (Mot. at 17:15-16.)  FEHA requires an employee to file a charge with the DFEH within one year of the date of the allegedly wrongful act, and Title VII requires an employee to file a charge with the EEOC within 300 days (or 180 days if no charges have been filed with a comparable state

agency).  Cal. Gov't Code § 12960; 42 U.S.C. § 2000e-5(e)(1).  Duncan
argues that the sole "factual allegation against [him] is that he made
an inappropriate comment to Meyers in a meeting that took place in May
2002," which is more than four years prior to when Plaintiffs filed
their claims with the EEOC (July 17, 2006) and DFEH (September 28,
2006).  (Mot. at 17:13-14, 17:22-24.)

However, Plaintiffs make general allegations, against *all*
Defendants, that the harassing and discriminatory treatment
constituted an *ongoing* course of conduct.  The 2002 comment made by
Duncan was merely an example.  Specifically, the Complaint alleges
that "[t]he discriminatory treatment and sexual harassment of Rachel
Spade began in August 2002 and has continued to the present" and that
"[b]eginning in April 2002 and continuing through July 2006, several
male employees and managers have made numerous derogatory comments
about Myers' gender."  (Complaint ¶¶ 15, 18.)  Accordingly, because
Plaintiffs allege that the improper conduct continued up until the
present, Duncan has not shown that Plaintiffs' claims against him are
barred by the applicable statutes of limitation.

<u>CONCLUSION</u>

For the reasons stated, the motion to dismiss is granted in
part and denied in part.

IT IS SO ORDERED.

Dated:  June 29, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge