IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SPADE and RHONDA MYERS,<br><br>  Plaintiffs,<br><br>    v.<br><br>PEPSI BOTTLING GROUP, INC.; RAY MEEK; MARK PERIZOLO; SCOTT WELCH; BUCK PRICE; KIRT DUNCAN; SCOTT PAPILLION; RONILLA PRASAD; and RICHARD LLADO,<br><br>  Defendants. | 2:07-cv-362-GEB-DAD<br><br><u>ORDER DENYING DEFENDANTS' MOTION TO STRIKE AND PRECLUDE PLAINTIFFS' EXPERT TESTIMONY AMENDING SCHEDULING ORDER; AND ORDER TO SHOW CAUSE RE SANCTIONS</u>[1] |

      Defendants move (1) to strike Plaintiffs' initial expert witness disclosure, and (2) to preclude Plaintiffs from offering expert testimony at any motion, hearing or trial in this matter. Plaintiffs oppose this motion. For the reasons stated below, the motion is denied.

      The May 24, 2007 Status (Pretrial Scheduling) Order (the "Scheduling Order") issued in this action set the deadline for Federal Rule of Civil Procedure ("Rule") 26(a)(2) initial expert disclosure as January 30, 2008. Plaintiffs conclude they failed to comply with both

---

[1] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  Rule 26(a)(2) and the Scheduling Order, but argue their noncompliance
2  was "harmless" under Rule 37(c)(1) and state they can correct any
3  noncompliance by Wednesday April 30, 2008.[2] (Opp'n at 2:6-10.)
4  Specifically, Plaintiffs argue, *inter alia*, that their failure to
5  provide a complete and thorough expert designation on the disclosure
6  date is harmless because it occurred a year before trial, five months
7  before the discovery completion date, and has no prejudicial effect as
8  to Defendants. (Opp'n at 7:16-18.)

9        As prescribed in Rule 37(c)(1), "[a] party that without
10 substantial justification fails to disclose information required by
11 Rule 26(a) . . . is not, **unless such failure is harmless**, permitted to
12 use as evidence at trial . . . any witness or information not so
13 disclosed." (Emphasis added.) The harmlessness inquiry for Rule
14 37(c)(1) sanctions consists of five considerations: (1) the public's
15 interest in expeditious resolution; (2) a court's need to manage its
16 docket; (3) risk of prejudice to the defendants; (4) public policy
17 favoring disposition of cases on their merits; and (5) the
18 availability of less drastic sanctions. <u>Keener v. United States</u>, 181
19 F.R.D. 639, 641 (D Mont 1998), citing <u>Wendt v. Host Intern., Inc.</u>, 125
20 F.3d 806, 814 (9th Cir 1997).

21       Defendants contend Plaintiffs' delay is not harmless because
22 it caused their compliance with the Scheduling Order's February 29,
23 2008 deadline for rebuttal expert witness disclosure to be impossible
24 and has prevented them from engaging in meaningful discovery. (Mot. at
25 10:8-16.) Plaintiffs reply that"[w]hile Defendants point to various

---

[2] Plaintiffs later state that the Rule 26 report for Ms. Oppenheimer will be provided sometime after April 2008, but do not specify exactly when after April 2008 it will be provided. (Opp'n at 5:1-3.)

2

1  dates and deadlines established by the court, such dates belie the
2  fact that Defendants have more than enough time upon which to conduct
3  discovery regarding Plaintiffs' expert opinions and the basis
4  therefore." (Opp'n at 6:20-25.)
5         Considering the factors listed above, the Scheduling Order
6  will be amended to address the scheduling problem created by
7  Plaintiffs' noncompliance with the expert disclosure deadline; the
8  amendments will shorten the time between scheduled matters and deprive
9  the parties of the opportunity to have a judge supervised settlement
10 conference scheduled. Further, Plaintiffs and their counsel shall show
11 cause why they should not be required to pay the reasonable attorney's
12 fees Defendants incurred in litigating the motion sub judice in a
13 filing due no later than April 30, 2008.  If Plaintiffs desire a
14 hearing on the sanctions issue, they shall say so in their filing and
15 the hearing will be held on May 5, 2008, at 9:00 a.m.
16        Plaintiffs shall comply with Rule 26(a)(2)'s expert witness
17 initial disclosure requirements on or before May 14, 2008. Defendants
18 shall comply with any authorized rebuttal disclosures under the Rule
19 on or before June 18, 2008.  The Scheduling Order is further amended
20 as follows: (1) discovery shall be completed by July 25, 2008, and (2)
21 the last hearing date for motions shall be September 22, 2008, at 9:00
22 a.m.

Dated:  April 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

3