```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

RACHEL SPADE and RHONDA MYERS,  )
                                )   2:07-cv-362-GEB-DAD
           Plaintiffs,          )
                                )
     v.                         )   ORDER RE ATTORNEYS' FEES AND
                                )   FURTHER MODIFICATION TO
PEPSI BOTTLING GROUP, INC.; RAY )   SCHEDULING ORDER
MEEK; and SCOTT PAPILLION,      )
                                )
           Defendants.          )
                                )

On April 23, 2008, Plaintiffs were issued an Order ("OSC") to "show cause why they should not be required to pay the reasonable attorney's fees Defendants incurred in litigating the[ir] [M]otion [to Strike and Preclude Plaintiffs' Expert Testimony];"[1] Defendants' Motion challenged Plaintiffs' failure to timely disclose expert witnesses. (OSC at 3:10-13.) The OSC issued following an analysis of factors applicable to the decision of whether Plaintiffs' experts should be excluded since Plaintiffs failed to make timely expert witness disclosures. The factors favored imposition of a lesser sanction than exclusion of Plaintiffs' experts.

---

[1] Plaintiffs were given the opportunity to request a hearing on the attorneys' fees issue, but they did not request one.

1

1  Plaintiffs argue in their Response to the OSC that they
2 should not be required to bear the expense of Defendants' attorneys'
3 fees because their late disclosure was substantially justified since
4 it "was a direct result of Defendants' delaying discovery responses."
5 (Response at 2:7-10.)  However, this argument does not provide
6 substantial justification for Plaintiffs' failure to comply with the
7 expert disclosure deadline since Plaintiffs did not serve the
8 referenced "discovery on Defendants until **after** the deadline for
9 expert disclosures." (Reply at 1:9-13.)

10  Plaintiffs also argue their failure to timely disclose
11 experts was harmless because it occurred "a year before trial and five
12 months before the discovery [completion] deadline."  (Response at
13 2:10-13.) Disruption to the schedule prescribed in the May 24, 2007
14 Status (Pretrial Scheduling) Order ("Scheduling Order"), however, is
15 not harmless.  "Courts set such schedules to permit the court and the
16 parties to deal with cases in a thorough and orderly manner, and they
17 must be allowed to enforce them, unless there are good reasons not
18 to." Wong v. Regents of the Univ. of Calif., 410 F.3d 1052, 1062 (9th
19 Cir. 2005).  Although the Scheduling Order was amended to address the
20 basis of Defendants' asserted prejudice caused by Plaintiffs' failure
21 to comply with the expert disclosure provision, Plaintiffs' failure to
22 timely disclose their experts was not harmless.

23  Federal Rule of Civil Procedure 37(c)(1)(A) provides the
24 court with discretion to "order payment of the reasonable . . .
25 attorney's fees, caused by [Plaintiffs'] failure" to timely disclose
26 expert witnesses.  Since Plaintiffs' tardy disclosure caused
27 Defendants to incur litigation expenses, Plaintiffs shall pay to the
28 Defendants their reasonable attorney's fees incurred in litigating the

Motion to Strike and Preclude Plaintiffs' Expert Testimony. Defendants may support any claim for such attorneys' fees in a filing due no later than May 20, 2008. Any objection Plaintiffs have to this filing shall be filed by May 27, 2008. Defendants' Reply, if any, shall be filed by June 3, 2008.

Additionally, the Scheduling Order is further amended, since the OSC failed to modify the date of the final pretrial conference as intended. The modifications to the Scheduling Order, together with those issued in the OSC, are as follows:

1) Plaintiffs shall comply with Rule 26(a)(2)'s expert witness initial disclosure requirements on or before May 14, 2008. Defendants shall comply with any authorized rebuttal disclosures under the Rule on or before June 18, 2008;

2) discovery shall be completed by July 25, 2008;

3) the last hearing date for motions shall be September 22, 2008, at 9:00 a.m.; and

4) the final pretrial conference is set for November 24, 2008 at 1:30 p.m.

IT IS SO ORDERED.

Dated: May 13, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

3